The Louisville, New Albany and Chicago Railway Co. *et al. v.* Goodbar.

---

No. 10,561.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY ET AL. *v.* GOODBAR.

RAILROAD.—*Injured Animal.—Action Assignable.*—A right of action, under the statute, against a railroad company, for injury to an animal upon an unfenced part of the road, is assignable.

SUPREME COURT.—*Evidence.—Jury.*—The Supreme Court will not reverse a judgment for want of direct evidence of a fact which the jury may have inferred; especially when it appears that the fact was not contested at the trial.

From the Putnam Circuit Court.

*A. D. Thomas*, for appellants.

*T. E. Ballard* and *M. E. Clodfelter*, for appellee.

Woods, C. J.—The statute in reference to the killing of animals upon railroads, R. S. 1881, section 4026, provides that " Whenever any animal or animals shall be or shall have been killed * * the *owner* thereof may go before some justice of the peace * * and file his complaint in writing," etc., and if the value exceeds $50, " the owner * * may file his or their complaint * * in the circuit court of the county." The appellee sued the appellant for the killing of an animal belonging to another, who had assigned the claim to the appellee. The appellant insists that the right of action is purely statutory, and therefore not assignable. We are not inclined to adopt this view. The statute makes the owner or operator of an unfenced railroad liable for injury done to an animal, irrespective of the question of negligence, and to this extent the right of action is statutory ; but it is not an action for a fine or penalty. By its title, the statute is "An act to provide compensation to the owners of animals killed or injured by the cars, locomotives, or other carriages of any railroad company." The measure of the recovery is the value of the animal killed, or amount of injury done; and once the claim has arisen, there is no good reason why it may not be assigned as other demands may be. Besides, as the complaint and evidence show, the appellee had hired and had possession of the mule which, in this instance, was killed, and, it may be, on account of his negligence, was liable to the owner for the loss. To say the least, he recognized and discharged the obligation, and we are not willing to say that the liability of the appellant was thereby released. If not released it can be enforced, either by the appellee or by his assignor; but the code requires an action to be brought in the name of the real party in interest; the appellee is that party. Indeed, it is not clear but that under the circumstances the appellee should be deemed to have been, within the meaning of the statute, the owner of the animal, and entitled, without regard to the assignment, to maintain the action ; but, however this may be, our holding is that the

claim was assignable, and, consequently, that the demurrer to the complaint was properly overruled.

It is next insisted that the appellee failed to prove that the mule was killed in Montgomery county, as charged in the complaint. While it must be admitted that there is in the record no direct evidence on the point, we can not say that the jury could not properly have inferred the fact; and as it is evident that there was no dispute about the matter at the trial, the judgment should not be reversed on account of it. *Moody* v. *State, ex rel.,* 84 Ind. 433.

Judgment affirmed.