DickmaN, J.
This proceeding in error is instituted to reverse a judgment rendered by the Circuit Court of Hamilton county against the city of Cincinnati, on an appeal by the city from a judgment in the court of common pleas in favor of George Hafer, defendant in error, and by him recovered in a suit in the nature of a creditor’s bill. There was a finding of facts by the circuit court, from which, the following are shown to have existed :
On the 31st day of May, 1880, George Hafer, on cross-petition in the case of Charles S. Woodruff v. H. B. Teetor, et al, recovered a judgment by the consideration of the court of common pleas, against Sarah L. C. Teetor, wife of H. B. Teetor, for the sum of $301.01, with interest at eight per cent, per annum, from May 10, 1880, upon which judgment no execution was ever issued.
At the time of therecovery of this judgment, a suit — begun in the year 1879 — -was pending in the court of common pleas, in which Mrs. Teetor, as plaintiff, claimed damages from the city of Cincinnati, _ as compensation for a loss sustained by her in consequence of the drainage of sewage from the city infirmary upon her land.
On the 20th day of November, 1880, Mrs. Teetor, having no personal or real property subject to levy on execution sufficient to satisfy Hafer’s judgment, Hafer commenced this suit, in the nature of a creditor’s bill, in the court of common pleas, against Mrs. Teetor and the city of Cincinnati, in order to subject to the payment of his judgment, so much, as would be sufficient, out of the indebtedness of the city to her by reason of the loss by her .sustained from drainage upon her land, as above stated.
Soon after the commencement of this suit, a general demurrer fo the petition in Mrs. Teetor’s action against the city was sustained by the court, and leave was given to her to file an amended petition therein. It was not done with *64 in the time fixed by the court, and not until June, 1884, when, by leave of the court, an amended petition was filed, which set out the original cause of action, though in a different manner from the original petition’. Mrs. Teetor thereupon, to-wit, in June, 1884, assigned to A. S. Miller and Sarah Cilley her claim against the city, then in litigation.
The city failed to answer the amended petition of Mrs. Teetor, and on the trial of the issue thus made, she recovered, in October, 1886, on her original cause of action, a judgment against the city for one thousand, one hundred and two dollars; and shortly after the recovery of such judgment, the city solicitor then in office paid the full amount thereof to her assignees, without any knowledge of the pendency of Hafer’s suit against the city — the records and the dockets showing the same, having been burned with the Hamilton county court house in March, 1884.
In Hafer’s suit against the city of Cincinnati, the cits’-, in December, 1880, filed an answer which was a general denial, but nothing further was done in the suit until after the burning of the court house — in which all the papers in the cause were destroyed — when, in March, 1887, the counsel for Hafer, hearing for the first time of the judgment against the city in favor of Mrs. Teetor, obtained leave and filed a copy of Hafer’s original petition; and the city filed an answer thereto, to which answer there was a reply, and the court of common pleas, in July, 1887, upon the pleadings and the evidence, gave judgment against the city.
On appeal by the city, the circuit court found that Hafer was entitled to a decree against the city for a balance due to him from Mrs. Teetor on his judgment against her, viz., for the sum of $449.15, with interest at eight per cent, per annum, and the costs in the action, and rendered judgment against the city accordingly.
The main question arising on the record is, whether Mrs. Teetor’s demand against the city for unliquidated damages, was of such a nature, that before it was reduced to judgment, Hafer, a judgment creditor, could, by a suit in the nature of a creditor’s bill against her and the city of Cincinnati, ácquire a lien in equity on her interest in such *65 demand, and become entitled to payment of the same, in the event of succeeding in his suit.
It is contended, that the demand of Mrs. Teetor against the city was for damages unliquidated, growing out of a tort, and was not, therefore, until reduced to judgment, such an interest as might, under the statute, be subjected by the judgment creditor to the payment of his judgment. It is provided by section 5464 of the' Revised Statutes, that “when a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, * * * any interest he has in- * * * any money contract, claim, or chose in action, due or to become due to him, or in any judgment or order, or any money, goods, or effects which he has in the possession of any person, or body politic, or corporate, shall be subject to the payment of the judgment, by action.”
Mrs. Teetor’s demand for damages on account of injury to her land, did not, it is true, rest on a money contract, but it was nevertheless a chose in action. While by a chose in action is ordinarily understood a right of action for money arising under contract, the term is undoubtedly of much broader significance, and includes the right to recover pecuniary damages for a wrong inflicted either upon the person or property. It embraces demands arising out of a tort, as well as causes of action originating in the breach of a contract. As said by Judge Sharswood, in a note to a passage in 2 Black. Com. 396, “there is a very large class of choses in action, which arise ex delicto. My claim for compensation for any injury done to my person, reputation or property, is as truly a chose in action, as where it is grounded on a breach of covenant or contract.”
A thing in action, too, is to be regarded as a property right. One of the well recognized divisions of personal property is into property in possession, and property or choses in action. “A leading distinction, in respect to goods and chattels, is the distribution of them into things in possession and things in action. The latter are personal rights not reduced to possession, but recoverable by suit at law. *66 * * Damages due for torts are included under this general head or title of things in action.” 2 Kent, 351.
By section 4975 of the Revised Statutes, it is provided that: “In addition to - the causes of action which survive at common law, cau'ses .of. action * * * for an injury to real or personal estate * * * shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.” And it was held in Grant v Ludlow, 8 Ohio St. 1, that, a chose in action which is transmissible to an executor or-s administrator, under our law, is assignable in equity. Mere personal torts die with the party and are not assignable, but where, the action is brought for damage to the estate, and not for injury to the person, personal feelings, or character, and the right of action survives to the personal representative, it nlay be assigned so as to pass an interest to the assignee. Jordan v. Gillen, 44 N. H. 424; Railway Company v. Goodbar, 88 Ind. 213; Butler v. Railroad Company, 22 Barb. 110; Purple v. Railroad Company, 4 Duer, 74; McKee v. Judd, 2 Kern. 622; Lazard v. Wheeler, 22 Cal. 139; North v. Turner, 9 Serg. & Raw. 244; Cass v. Railroad Company, 1 E. D. Smith, 522; Quin v. Moore, 15 N. Y. 435.
Choses in action arising out of a' tort or injury to property being transmissible as assets to the executor or administrator, and assignable by the ..owner, it may well be inquired, why the interest which the owner has in such rights of action, should not be subjected to-the payment of his debts -at -the suit of a judgment creditor; as well as his interest in any other chose in action. In Hudson v. Piets, 11 Pai. Ch. 183, Chancellor Walworth "said: “The right to an action for an injury to the property of the judgment debtor, before the filing of the complainant’s bill, whereby the property to which the creditor was entitled to resort for the payment of his .debt is destroyed,-or diminished in 'Value, appears :to be such a thing in action as may properly be reached, and applied 'to the payment of the complainant’s debt, under a- creditor’s bilí.” A debtor’s real and personal property,., including - pecuniary demands against others for injury thereto, whereby such property is diminished in *67 value, justly constitutes a fund for the payment of his debts; and if the tangible property is taken by one creditor in satisfaction of his claim, another creditor may rightly acquire an equitable lien upon the debtor’s interest in the amount which should be paid by the wrongdoer, who has diminished the value, and thereby virtually taken away a portion of the tangible property; nor should the other creditor’s right to such recourse be delayed until the debtor, who has begun his action for unliquidated damages, has first reduced his demand to judgment.
It is urged, that if Mrs. Teetor had not brought an action against the city for damages, the defendant in error would have had no right to subject any portion of the indebtedness of the city to her, in payment of his judgment. In the present case, the facts render it unnecessary to consider, whether, if the judgment debtor had not brought suit against the city to enforce her rights, the judgment creditor might, by order of the court, through a receiver, have enforced the rights of the judgment debtor for his, the creditor’s benefit. The statute refers to “any interest in any money contract, claim, or chose in action, due or to become due.” When Hafer began the present suit, Mrs. Teetor’s cause of action existed, and she had already commenced her action against the city; and when her demand for damages was reduced to judgment in October, 1886, his creditor’s bill was still pending in the same court. When, therefore, judgment was rendered in his favor in July, 1887, the damages claimed by Mrs. Teetor from the city had been liquidated, and “become due,” thus indicating, that when Hafer filed his creditor’s bilí, her demand against the city was a chose in action that was “to become due,” or payable, or proper to be paid.
But, the statute not only subjects the judgment debtor’s interest in any chose in action, but also any interest he has in “ any claim due or to become due.” The term “ claim” is comprehensive, and would embrace a demand for money in varied forms, whether on contract, express or implied, or for damages growing out of injury to person or property. Damages have been defined as a sum of money adjudged to be paid by one *68 person to another as compensation for a loss sustained by the latter in consequence of an injury committed by the former. Co. Eitt. 257a; Mayne Dam. 1. If the claim for unliquidated damages is converted into a judgment while the creditor’s bill is pending, it may be regarded as a claim, which, at the time of the filing of the creditor’s bill to subject it in equity, was a claim “to become due,” within the meaning of the statut.e; and the judgment debtor’s interest in the same might be reached by his judgment creditor.
It is contended in behalf of the plaintiff in error, that the judgment of the defendant in error against Mrs. Teetor, had become dormant before the year 1886, when the judgriient was rendered in her favor in her damage suit against the city; and that whatever lien might have attached by reason of the creditor’s bill in this case, was lost and destroyed by failure to restore the judgment in the prior suit of Hafer. During the same y&zx in which the defendant in error recovered his judgment against Mrs. Teetor, he began the present suit in the nature of a creditor’s bill. It then became a Us pendens, and his rights in this litigation did not thereafter depend upon whether his judgment would be suffered to become dormant or not. If he should neglect to keep alive the judgment by the issue of execution thereon, it would cease to be a lien on the debtor’s real estate, and until revived, no execution could be thereafter issued on the judgment. By failure, however, to issue execution, the judgment would none the less remain a debt of record, and until reversed or satisfied, would serve as a basis for a new action to subject the equities of the judgment debtor. The reason for commencing this suit, and the service of process on the city and on Mrs. Teetor, was, that she had no personal or real property subject to levy-on execution, sufficient to satisfy Hafer’s judgment. While a suit in the nature of a creditor’s bill was pending, it would have been a useless exaction to require him to issue execution from time to time, to accomplish the object for which his suit was being prosecuted.
As bearing upon this branch of the case at bar, is the decision in Dempsey v. Bush, 18 Ohio St. 376, where it is held, that in an action to subject mortgaged land to sale, *69 and to ascertain and marshal the liens thereon, a judgment creditor, who was properly made a party while his judgment was alive, will not lose his right to share in the distribution of the money arising from the sale, by the fact that his judgment became dormant pending the action. Answers, in the nature of cross-petitions, had been filed by parties claiming the rights of judgment creditors, and the order of sale was made before the judgment became dormant, but the decree settling the liens was not pronounced until after the judgment had become dormant. White, J., in delivering the opinion of the court, said: “It would, perhaps, have been more regular to have settled the liens by decree before or at the time of ordering the sale. Had this been done, the fact that his judgment afterward became dormant would clearly have been no ground for denying the right of the creditor to share in the distribution. The fact that the rendering of the decree was deferred until after the sale, and to the time the money was brought into court for distribution, did not, in equity, alter the rights of the parties from what they would have been, had the decree been pronounced earlier in the progress of the case.” See also Lawrence v. Belger, 31 Ohio St. 175, in which the ruling in the last cited case is approved by the court.

Judgment of the circtdt court affirmed.