# McMillan v. Manistee Mill Co.

## Damages For Setting Out Fire.

(Decided May 12, 1909.   49 South. 685.)

1. *Railroads; Operation; Setting Out Fire; Evidence.*—The fact that the town authorities prohibited the defendant from loading or unloading wood in the town on account of danger from fire from the unusual quantity of sparks from defendant's locomotive, is not evidence relative to an action for loss of goods, by another caused by fires from the defendant's locomotive.

2. *Same; Instructions.*—A charge asserting that if the jury are reasonably satisfied that defendant's engine was properly constructed, or in good repair, and properly handled defendant is not legally responsible for fire, ignores the duty on the defendant to provide suitable appliances for preventing the emission of sparks in dangerous and unusual size and quantity.

APPEAL from Conecuh Circuit Court.

Heard before Hon. J. C. Richardson.

Action by Henry McMillan against Vastine J. Hurlong, doing business as the Manistee Mill Company, for damages for the destruction of certain wood belonging to the plaintiff, alleged to have been caused by fire set out from sparks emitted from a locomotive engine being operated by the defendant. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Charge 5, given for the defendant, was as follows: "The court charges the jury that if they are reasonably satisfied from the evidence that the defendant's engine was properly constructed, was in good repair, and properly handled, managed, and controlled, that the defendant is not legally responsible for fire which burned the plaintiff's wood."

HAMILTON & CRUMPTON, for appellant.—It was competent to show that the engine was defective or that it threw out spark of unusual size or quantity.—*Hender-*

*son v. Pennsylvania R. R. Co.,* 144 Penn. 479; *T. C. C.
& St. L. Ry. Co. v. Noel,* 77 Ind. 121; *G. T. Ry. Co. v.
Richardson,* 91 U. S. 470; *L. & N. R. R. Co. v. Marbury,*
125 Ala. 253. Under these authorities, it was competent
to show the action of the town relative to the particular
engine. The court erred in giving the charge requested
as it omitted several essential hypotheses.—*L. & N. v.
Marbury, supra; L. & N. v. Reese,* 85 Ala. 202; 13 A. &
E. Ency of Law, 504.

BARNETT & BUGG, and H. H. McCLELLAN, for appellee.—The engine being identified, evidence as to what
other engines did or their condition was irrelevant.—
*A. G. S. v. Johnson,* 128 Ala. 283. Charges requested
by the defendant were properly given.—*A. G. S. v. Johnson, supra; L. & N. v. Miller,* 109 Ala. 500; *L. & N. v.
Malone,* 109 Ala. 509. The fact that charge 5 was misleading is not grounds for reversal.—*Evans v. The State,*
120 Ala. 269; *O'Donnell v. Weatherby,* 76 Ala. 222.

DOWDELL, C. J.—Of the errors assigned on the record, only two are insisted on in argument. The first
question urged and insisted on relates to the ruling of
the trial court in the exclusion of evidence, offered by
the plaintiff, as to the action of the town authorities of
the town of Repton, prohibiting the defendant from loading and unloading wood in the town on account of danger from fire incident to the emission of unusual quantities of sparks from defendant's engine. This evidence
was clearly inadmissible. It was no more than a declaration by a third party, a stranger to the suit, that the
defendant's engine was dangerous in the emission of unusual quantities of sparks.

The second question insisted on is based upon the assignment of error in the giving, at the request of the defendant, of charge 5. The facts hypothesized in this

[Early v. Fitzpatrick, et al.]

charge are insufficient to acquit the defendant of legal liability, in the operation of its locomotive, for damage to the property of plaintiff from fire caused by sparks from defendant's locomotive. This charge ignores the duty of providing suitable appliances for preventing the emission of sparks in dangerous and unusual size and quantity. On the authority of *Horton v. L. & N. R. R. Co.*, 161 Ala., 49 South. 423, we hold the charge bad, and that in the giving of it the court erred.

For this error, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, McCLELLAN, and SAYRE, JJ., concur.