# Southern Railway Company *v.* Stonewall Insurance Co.

### Damages for Setting Out Fire.

(Decided April 9, 1912. 58 South. 313.)

1. *Parties; Objections; Mode.*—The right of one to sue in his own name as assignee of a claim must be raised by demurrer to the complaint, or by plea in abatement, and cannot be raised by objections to evidence or requests for instructions.

2. *Assignments; Constitutional Law; General Issue.*—Where the action was by an insurance company on an assigned claim for loss from fire caused by sparks from a locomotive, the issue of the assignability of the claim, or of the constitutionality of section 877, Code 1907, was not raised by the plea of the general issue.

3. *Same; Evidence.*—Where the written assignment was exhibited to witnesses during the trial and fully identified, its execution proven and its character and contents fully exhibited to the jury,

[Southern Railway Company v. Stonewall Insurance Co.]

the plaintiff's ownership of the claim was sufficiently shown, although the assignment itself was never formally introduced in evidence.

4. *Appeal and Error; Presentation Below; Objection.*—Where no objection was seasonably made in the trial court, the right to object to proof of an assignment by secondary evidence cannot be raised for the first time on appeal.

5. *Same; Harmless Error; Evidence.*—Where the action was for damage for loss by fire alleged to have been caused by sparks from defendant's locomotive, and the evidence that the fire was so caused was wholly circumstantial, there was no presumption of law that the fire was due or attributable to defendant's negligence, and the admission of incompetent circumstantial evidence tending to show that the fire was caused by one of defendant's locomotives was necessarily prejudicial.

6. *Railroads; Setting Out Fire; Evidence.*—Where the action was against a railroad company for damages for loss by fire alleged to have been caused by sparks from a locomotive, it was error to admit evidence that defendant's engines threw out sparks during an indefinite number of years; the evidence should have been confined to a period shortly before and after the fire.

7. *Same.*—Where cotton was destroyed by fire, a memorandum of the marks, weight and number of bales of cotton in a certain portion of that burned, was competent to aid the jury in determining the minimum weight of the bales burned.

8. *Same.*—Where the action was against a railroad company for setting out fire by sparks from its locomotive, an ordinance regulating the speed of locomotives in the city was admissible on the issue of whether defendant negligently exceeded the speed limit, thus causing a greater volume of sparks to be emitted by the greater exhaust occasioned.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by the Stonewall Insurance Company against the Southern Railway Company, for damages for loss occasioned by fire alleged to have been set out by its locomotive, the Insurance Company having paid the loss, and had the claim assigned to it. Judgment for plaintiff and defendant appeals. Reversed and remanded.

BESTOR, BESTOR & YOUNG, for appellant. The basis of the suit is tort or ex delicto.—28 A. & E. Enc. of Law, 253. Under the common law such claims are not

assignable.—2 A. & E. Enc. of Law, 1014. Certainly to the extent that suit thereon could not be maintained by such assignee in his name.—*P. & N. Bank v. Willis,* 5 Ala. 783; *Carville v. Reynolds,* 8 S. & P. 237; 4 Cyc. 92. An action to enforce the insurer's right of subrogation must be brought in the name of the insured, in the absence of a statute.—*So. Ry. v. Stonevall I. Co.,* 50 South. 940; 44 Am. St. Rep. 725; 13 Wall. 367; 27 A. & E. Enc. of Law, 264. This is attempted to be changed by section 877, Code 1896, carried forward into the Code of 1907, as section 5159, Code 1907. Similar statutes, being class legislation of the most obnoxious kind, have universally been held void and unconstitutional.—*S. & N. Ala. R. R. Co. v. Morris,* 65 Ala. 198; *Smith v. L. & N.,* 75 Ala. 451; *Home Pro. v. Richardson,* 74 Ala. 466; *Carter v. Coleman,* 804 Ala. 256; *Brown v. A. G. S.,* 87 Ala. 370; 165 U. S. 150; 216 U. S. 417. When the claims had been paid, the owners no longer had any claims to transfer, and the assignment had nothing under which to operate, and did not amount to a transfer to plaintiff.—4 Cooley 3899; 11 N. Y. Supp. 632; 13 Met. 108; 21 N. J. E. 117; 129 N. Y. 94. The transfer itself recited that all the claims had been paid. The plaintiff certainly cannot recover in its own name anything greater than what it paid out on its own property.—4 Cooley's Briefs, 3908. The court therefore erred in admitting the assignments, in overruling defendant's motion to exclude, and in denying the written charges asserting this doctrine. The Code requires that the assignment be in writing, the complaint alleges that it was in writing, and no assignment in writing was introduced, and hence, defendant was denied the right of objecting to the assignment.—*Merriweather v. Sayre M. & M. Co.,* 161 Ala. 443. Its introduction was not rendered un-

necessary by section 5332, Code 1907. Variance and the right of plaintiff to recover was properly raised by requested charges.—*T. C. & I. v. George*, 161 Ala. 421. The court permitted a too wide range of inquiry as to the emission of sparks by defendant's locomotives.— *A. G. S. v. Johnson*, 128 Ala. 283; *B. R. L. & P. Co. v. Martin*, 148 Ala. 8; 13 A. & E. Enc. of Law, 516-6; *Henderson v. R. R. Co.*, 144 Pa. St. 487; *Dillingham v. Whittaker*, 25 S. W. 723; *L. & N. v. Miller*, 109 Ala. 508. This evidence, therefore was bound to be prejudicial, and should have been excluded. The court erred in admitting the ordinance in question.—2 Elliott on Railroads, 89; 13 A. & E. R. R. Cases, 641; 54 Fed. 301. The court should have excluded the evidence in giving the general affirmative charge as requested.—*So. Ry. v. Dickens*, 161 Ala. 144.

GREGORY L. & H. T. SMITH, and JOEL W. GOLDSBY, for appellee. No issue as to the constitutionality of the statute, or as to the right of the appellee to sue in his own name is raised by the pleading.—*L. & N. v. Trammell*, 93 Ala. 350; *Davis v. Miller*, 109 Ala. 589. This objection should have been raised by plea in abatement and not in bar.—1 Enc. P. & P. 11; 31 Cyc. 169, and cases cited. The right of subrogation is an equitable and not a legal right.—*Smith v. Harrison*, 33 Ala. 706; *Hughes v. Howell*, 152 Ala. 301. After the insurance company has paid the owners for the loss, the legal title to the choses in action remained in the original owners subject to the equity of the subrogee.— *So. Ry. v. Blount*, 165 Fed. 285; *Mobile T. Co. v. City of Mobile*, 153 Ala. 417. No subrogation can attach without an acceptance.—17 How. 155. The appellant could not have raised this question, however, by proper pleadings.—*Broughten v. Mitchell*, 64 Ala. 201; *Agee*

*v. Medlock,* 25 Ala. 281; *McCauslin v. Drake,* 3 Stew.
344; *Sheehan v. Bailey,* 110 Ala. 308; *Jones v. Black,*
48 Ala. 540. The claim is assignable under sec. 5159,
Code 1907, but its validity does not rest alone upon
the statute.—*Gilman v. Jones,* 87 Ala: 695; *Grandy v.
Fortner,* 119 Ala. 309; *McCall v. Capehart,* 20 Ala. 521.
What has been said above disposes of appellant's as-
signments in attempting to raise the questions dis-
cussed relative to the admission of the assignments of
error and the request for charges denying plaintiff's
right to recover. The assignment was shown to wit-
nesses, was identified, and its execution proven, and
its contents fully explained, and hence, it was intro-
duced for all practical purposes. It was competent to
show that for a long time the defendant habitually
operated engines up the coal chute, which constantly
emitted sparks. In any event, the admission of this
evidence was harmless, as the evidence was sufficient to
raise a legal presumption of negligence on the part of
defendant, authorizing the charge that if the jury be-
lieved that defendant's engine set out the fire, then they
should find for the plaintiff.—*L. & N. v. Malone,* 109
Ala. 509; *L. & N. v. Marbury L. Co.,* 125 Ala. 243.
Previous occurrences of the same nature may always
be introduced in evidence to enable the jury to judge
as to cause and effect.—*Bir. U. Ry. v. Alexander,* 93
Ala. 133; *So. Ry. v. Posey,* 124 Ala. 488; *M. & M. R. R.
Co. v. Ashcraft,* 48 Ala. 15; 107 U. S. 525; *Houston Bis.
Co. v. Dial,* 135 Ala. 185; *B. R. L. & P. Co. v. Bynum,*
139 Ala. 394. The marks, number, and weight of the
cotton were properly introduced by memorandum
made.—*Murray v. Dickens,* 149 Ala. 240; s. c. 162 Ala.
536. The ordinance of the city was properly introduc-
ed.—*L. & N. v. Malone, supra; L. & N. v. Marbury L.
Co., supra; Sullivan T. Co. v. L. & N. R. R. Co.,* 126

Ala. 95. On these authorities the court is without error in declining to exclude the evidence and direct a verdict for defendant.

SOMERVILLE, J.—Appellee sued appellant for the negligent burning in March, 1903, of a warehouse and a lot of baled cotton stored therein by sparks thrown from one of its locomotive engines operated on a coal chute track, owned and used by appellant, along Beauregard street in the city of Mobile, near said property. It is alleged that the warehouse was the property of the Magnolia Warehouse Company, and that the cotton was in separate parts the property of some 15 or 20 persons and firms, and that, after defendant had become liable to said several owners, these several owners assigned their claim and right of recovery to plaintiff. The trial was had on a plea of the general issue, and there was verdict and judgment for plaintiff for $10,686.

Four years after the suit was filed and service had on defendant, several continuances having intervened and one trial had, defendant filed demurrers to the complaint attacking the right of plaintiff to maintain the suit in its own name as assignee of the claims described in the complaint. On motion of plaintiff these demurrers were very properly stricken from the file. On this, the second trial of the cause, defendant attempted to raise the same question by objections to evidence and by requesting written charges to the jury. It seems perfectly clear that in the absence of a demurrer to the complaint, or a plea in abatement of the suit as prosecuted, defendant cannot be permitted to raise such a question on the trial of the cause. Its plea of the general issue was no more than a denial of the cause of action, and did not put in issue the legal assignability

of the choses in action.—1 Am. & Eng. Ency. Pl. &
Prac. p. 11; 31 Cyc. p. 171.   Certainly it did not raise
the question of the constitutionality of section 877 of
the Code of 1896 which expressly authorized the as-
signment of claims for damages against railroad com-
panies for injury to property.

It is of course to be conceded that a right of action
for tortious injury to property is not assignable in this
state so as to pass the legal title and enable the as-
signee to sue in his own name, except in so far as sec-
tion 877 of the Code of 1896 made it so in this class of
cases.   As already pointed out, we are not required by
this appeal to pass upon the constitutionality of that
statute; and, as held on the former appeal in this case,
the defect, if any, was technical only, and could have
been corrected by amendment in response to objection
seasonably and properly interposed.—*Southern Ry. Co.
v. Stonewall Ins. Co.,* 163 Ala. 161, 50 South. 940.

Defendant insists, however, that as the assignment
referred to in the complaint was in writing and was
not introduced in evidence during the trial, plaintiff
was not entitled to recover at all as assignee, because
there was no competent evidence of such ownership be-
fore the court.   An inspection of the bill of exceptions,
which purports to set out all the evidence, does not
show that the document which evidenced the assign-
ment relied on by plaintiff was ever formally introduc-
ed in evidence.   Nevertheless, as the bill of exceptions
does clearly show, this written assignment was pres-
ent during the trial, was exhibited to several witnesses
and fully identified, its execution was proven, and its
character and contents fully exhibited to the jury—
just as fully as if the writing itself were in evidence.
If defendant objected to this mode of proof by secon-
dary evidence, its objection should have been season-

·ably made to the trial court. By not doing so its right to object was very clearly waived.

As tending to trace the origin of the fire to one of defendant's locomotive engines through the emission of sparks while passing up the chute track near the Magnolia warehouse, the evidence pointing to no particular engine, plaintiff was allowed to prove the following facts against defendant's objection. (1) That all of the defendant's engines while so ascending "exhausted heavily and threw out red-hot cinders in great quantities. (2) That on various occasions, prior to this particular fire, defendant's passing engines threw large quantities of hot cinders on the warehouse shed, and into the warehouse among the cotton bales; some of these occasions being shortly before, and some being several or an indefinite number of years before, the occurrence of the fire in question. (3) That on a number of occasions sparks from defendant's passing engines set fire to cotton in the warehouse; these occasions being scattered through an indefinite period of years before the fire in question, though some were but shortly before.

The general rule as to the admissibility of evidence of this nature is, we think, correctly stated in the Cyclopedia of Law and Procedure as follows: "Where the engine alleged to have caused the fire is not clearly or satisfactorily identified, evidence as to the general condition of other engines of defendant of the same general appearance and construction, and under similar conditions, at about the same time and place, in respect to throwing sparks or coals capable of setting fire, is admissible as tending to show a negligent habit on the part of defendant as to the construction, equipment, and management of its engines, and therefore as tending to show negligence in that respect in the particular case, and as tending to show a probability that

the fire originated from an engine of defendant."—33 Cyc. 1373 (3). "In the absence of direct evidence, evidence that other fires originated from defendant's engines under like conditions at or about the same time, either before or after the fire in question, is generally admissible as tending to show a negligent habit on the part of defendant company in the construction, equipment, and management of its engines, and therefore as tending to show such negligence in the possibility and consequent probability that the fire was set by an engine of defendant, especially where the particular engines which caused the fire is not identified."— 33 Cyc. 1371 (2). See, also, to the same effect, 2 Shearman & Redfield on Negligence (5th Ed.) § 675; 13 A. & E. Ency. Law (2d Ed.) 515.

Whether the logic of the limitation, which confines the use of other instances to those occurring *at or about* the time of the fire in question, is impeccable or not, is not now open to inquiry in this state, for this court is thoroughly committed to the limitation.—*L. & N. R. R. Co. v. Miller,* 109 Ala. 500, 19 South. 989; *L. & N. R. R. Co. v. Malone,* 109 Ala. 509, 519, 20 South. 33; *A. G. S. R. R. Co. v. Johnston,* 128 Ala. 283, 294, 29 South. 771; *A. G. S. R. R. Co. v. Clark,* 136 Ala. 450, 34 South. 917; *B. R. L. & P. Co. v. Martin,* 148 Ala. 8, 15, 42 South. 618.

We are therefore of the opinion that the trial court erred in not confining the evidence of other instances to a period shortly before or after the fire here complained of.

It is insisted for plaintiff that the applicability of the rule is avoided in the present case because the evidence shows a continuous series of similar acts and occurrences for years before this fire, thus indicating a perpetuation of faulty conditions originally existing.

We have examined the evidence with care and do not think it supports this claim; but, even if it did, we find no authorities in this state or elsewhere which qualify the rule in such cases.

It is insisted, also, that the evidence complained of was not prejudicial to defendant in any event, because, without its aid, the other legal evidence before the court raised a legal presumption of defendant's negligence in setting out this fire, which was not rebutted by defendant; and that the jury were therefore bound, as matter of law, to find a verdict for plaintiff.

It is to be noted, however, that there was no direct evidence showing that this fire was caused by sparks from one of defendant's engines. The evidence is wholly circumstantial, and the fact, if it be a fact rests in inference only—to be drawn by the jury as a matter of fact, and not by the court as a matter of law. "The law is that *if a fire is caused* by sparks emitting from an engine in unusual and dangerous quantities, prima facie the cause is attributable to the negligence of the defendant. * * * This result does not follow, as a conclusion of law, from evidence which merely 'tends' to show that the fire originated by sparks."—*L. & N. R. R. Co. v. Malone,* 109 Ala. 509, 516, 20 South. 33; *L. & N. R. R. Co. v. Reese,* 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66. Hence the presumption of negligence in the equipment or management of defendant's engine depends primarily on the anterior finding by the jury as a fact that its engine actually set the fire; and it is this anterior finding that may have been, for aught that we can see, aided and promoted by the illegal evidence objected to.

A portion of the cotton burned was part of a lot of 680 bales sold to one Grimley. There was no error in allowing a memorandum of the marks, weights, and

number of bales in this lot, made by plaintiff's witness.
While the burned bales were not and could not be iden-
tified, the memorandum might at least aid the jury in
determining the minimum weight of what was burned.

On the issue of defendant's negligence in the opera-
tion of its locomotives on its chute track on Beauregard
street—the evidence showing that they ran at a speed
ranging between 10 and 30 miles an hour—plaintiff
was allowed to introduce in evidence an ordinance of
the city of Mobile, which prohibited the running of
locomotives or trains at a speed in excess of 8 miles
an hour within the city limits. It is argued for de-
fendant that this ordinance was enacted only for the
purpose of 'avoiding collisions with pedestrians and
other vehicles on the streets, and hence is without any
relevancy whatever to the issues of this case.

We cannot know that its purpose was thus limited.
The evidence shows that the greater the speed, the
greater the exhaust; and the greater the exhaust, the
greater the volume of sparks emitted by the engine.
Hence, at least in the absence of an efficient spark ar-
rester, the speed of the engine may definitely measure
the danger of setting out fires by the emission of sparks.
So it has been held that evidence of the speed of the
particular train at the time and place of the fire is ad-
missible (*Norfolk, etc., R. Co. v. Briggs,* 103 Va. 105,
48 S. E. 521), and that a municipal ordinance limiting
the speed of trains in a city is admissible to show negli-
gence in setting out a fire (*Lake Erie, etc., R. R. Co.
v. Middlecoff,* 150 Ill. 27, 37 N. E. 660), and for the
same purpose it may be shown that defendant's trains
were usually run past the place of the fire at an unlaw-
ful rate of speed (*Bennett v. Mo., etc., R. Co.,* 11 Tex.
Civ. App. 423, 32 S. W. 834). We think the ordinance
in question was admissible.

It is not necessary to determine whether it was rendered irrelevant on this trial by plaintiff's failure to sufficiently show that the locus of the fire and the chute track was within the city of Mobile, as that question will scarcely arise again.

For the error pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded. All the Justices concur.