# Parnell *v.* Southern Ry. Co.

### Damage for Setting Out Fire.

(Decided February 15, 1917.  74 South. 437.)

1. **Assignments; Claims Assignable; Cause of Action; Tort.**—Claims against railroads for setting fire to property near their rights of way, though tort actions for damages to or destruction of property, are assignable.

2. **Assignments; Assignment of Cause of Action; Loss from Fire; Constitutionality of Statute.**—Code 1907, section 5159, providing that claims against railroad companies for injuries to property may be assigned in writing, and each successive assignee thereof may sue thereon in his own name, is not arbitrary, capricious, or without semblance of reason, and violative of Const. 1901, section 240, providing that all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons.

3. **Constitutional Law; Equal Protection of Laws; Statute; "Railroad Companies."**—Such statute is not violative of Const. U. S. art. 14, section 1, providing that no state shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws, though using the language "railroad companies," only including corporations and associations of persons, but not including individuals, since the words "railroad companies" were intended to embrace all legal persons engaged in the transportation of persons or freight over railroads for hire.

(McClellan, Mayfield, and Sayre, JJ., dissenting.)

APPEAL from Washington Circuit Court.

Heard before Hon. BEN D. TURNER.

Suit by Thomas Parnell against the Southern Railway Company for damages for setting out fire. Judgment of non suit on demurrer to the complaint and plaintiff appeals. Reversed, rendered and remanded.

[Parnell v. Southern Ry. Co.]

JOHN E. MITCHELL for appellant. BESTOR & YOUNG and GRANADE & GRANADE for appellee.

GARDNER, J.—Appellant brought suit against the appellee for recovery of damages for the destruction by fire of a sawmill, machinery, and equipment, located near the right of way of appellee's railroad. It was charged in the complaint that the property was destroyed through the negligence of agents or employees of the defendant railroad company while acting in the scope of their employment, in the negligent operation or negligent construction or equipment of the defendant's engine, whereby sparks emitted therefrom set fire to and destroyed the said property. The property belonged at the time of the fire to J. B. Slade and C. E. Harrell, who, after its destruction, assigned in writing to the plaintiff, Parnell, their claim against the defendant for said loss. Demurrers were interposed, taking the point that there is no warrant in law for plaintiff to bring suit in his own name for damages to property of others, and that such a claim cannot be legally assigned so as to authorize the assignee to bring suit in his own name. The demurrer was sustained, and from this adverse ruling on the pleading the plaintiff took a nonsuit and prosecuted this appeal to review the ruling of the lower court.

Section 5159 of the Code reads as follows: "Claims against railroad companies, for injuries to property, may be assigned in writing, and each successive assignee thereof may sue thereon in his own name."

It is, of course, conceded that if this is a valid statute the demurrer should be overruled. The appeal therefore presents for review the one question as to the constitutionality of this statutory provision.

(1) We think it clear that claims of this character, although tort actions for damage to or destruction of property, are assignable.—McNutt v. King, 59 Ala. 597; Camack v. Bisquay, 18 Ala. 286; Southern Ry. Co. v. Stonewall Ins. Co., 177 Ala. 333, 58 South. 313, Ann. Cas. 1915A, 987; Holt v. Stollenwerck, 174 Ala. 213, 56 South. 912; Leach v. Greene, 116 Mass. 534; L. N. A., etc., Ry. v. Goodbar, 88 Ind. 213; Snyder v. Wabash, etc., R. R. Co., 86 Mo. 613, 29 Am. & Eng. R. R. Cas. 237.

(2, 3) It was indicated in the Stonewall Ins. Case, supra, that as a general rule a right of action for torts for injury to property

[Parnell v. Southern Ry. Co.]

is not assignable in this state so as to pass the legal title and enable the assignee to sue in his own name. This may, for the purposes of this case, be conceded as the general rule here recognized. So conceding, however, it is insisted that the above-quoted section is void as in violation of section 240 of the Alabama Constitution of 1901, which reads as follows: "All corporations shall have the right to sue, and shall be subject to be sued, in all courts in like cases as natural persons."

And it is further insisted that it is violative of section 1, art. 14, of the federal Constitution, reading as follows: "No state shall make or enforce any law which shall * * * deny to any person within its jurisdiction the equal protection of the laws."

In support of the former insistence, much reliance is placed upon the cases of *S. & N. A. R. R. v. Morris*, 65 Ala. 193, and *Smith v. L. & N. R. R. Co.*, 75 Ala. 449. The *Morris Case* dealt with an act which fixed a liability upon railroads for attorney's fees not to exceed a certain amount, when appeal is taken and unsustained from a judgment against them rendered by a justice of the peace, in suits for damages of a certain character. The act there under consideration was of about the same character as that of the state of Texas, reviewed and declared invalid by the United States Supreme Court in *Gulf, etc., Co. v. Ellis*, 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666. The other case relied upon (*Smith v. L. & N. R. R. Co.*) dealt with a statute which created an entirely new cause of action—one theretofore unknown, and on account of its discrimination against corporations or private associations of persons, in favor of the individual, was declared invalid. It is to be noted that in each of these cases the nature and measure of liability was affected by the act imposing new liabilities. Such cannot be said, however, of the statute here under review.

We have held that this claim is assignable. The only question of moment is as to whether the assignee is permitted to sue in his own name, or whether he must maintain the suit in the name of his assignor. The statute under consideration says that he may maintain the suit in his own name. No liability or undue burden is imposed upon the railroad company, nor does the statute affect any of the substantial rights of the parties. It applies, not to the right, but to the remedy. In the suit upon its merits the same defenses are allowed the defendant, and the same limitations exist as to the rights of the plaintiff, whether

the suit is instituted by the original owners, Slade and Harrell, or by the plaintiff, Thomas Parnell.

This provision of our law seems to have been first enacted on March 1, 1870 (Acts 1869-70, p. 235), and the constitutional provision here under consideration has remained without material change so far as the question here involved is concerned. The constitutionality of the act appears to have been first raised in the case of *L. & N. R. Co. v. Landers*, 135 Ala. 504, 33 South. 482, though not there passed upon. It was next presented in *Southern Ry. Co. v. Stonewall Ins. Co.*, 163 Ala. 167, 50 South. 940, and on second appeal of the same case (177 Ala. 327, 58 South. 313, Ann. Cas. 1915A, 987). That case, like the present one, involved the destruction of property belonging to several persons, by fire alleged to have been caused by the emission of sparks from the railway engine. The constitutionality of the statutory provision was there considered by the court not necessarily to be determined; but the opinion discloses the conclusion that the statute did not affect any substantial right but only a question of form, as is indicated by the following quotation from that opinion: "We are not required by this appeal to pass upon the constitutionality of that statute; and, as held on the former appeal in this case, the defect, if any, was technical only, and could have been corrected by amendment in response to objection seasonably and properly interposed."

In the case of *Home Protection Ins. Co. v. Richards*, 74 Ala. 466, this provision of our Constitution was invoked upon an attack on the act providing that suits may be brought against corporations in any county in which they do business by agents. It was there said: "It is a general rule that no one have any vested right to any particular remedy or form of procedure, and that the matter of venue belongs to the procedure or remedy, and is no part of the right itself. The act of February 13, 1879, the constitutionality of which is assailed by the appellant, is intended only to regulate civil procedure, and does not, in our judgment, appear to be such an unreasonable discrimination as that we can pronounce it to be arbitrary, capricious, or without the semblance of reason. Unless this be true, there is usually no other limitation upon the authority of the lawmaking power, in the exercise of its discretion as to classification of persons, and the shaping of remedies so as to adapt them to the inherent nature of the subject-matter of legislation, in the infinitude of their changing variety."

The act was declared valid.

In *Smith v. L. & N. R. R. Co., supra,* the *Richards Case, supra,* is commented upon and differentiated; it being pointed out that the latter case involved the question of mere form of proceeding, the court saying: "The difference commented on in that case did not affect the nature or measure of liability, but only the forum, or form of its enforcement. If the effect of the statute, therein construed and held constitutional, had been to fasten a liability on one class, from which the other class was exempt, the case would have been considered as falling properly within the influence of *Mayor v. Stonewall Ins. Co.,* 53 Ala. 570, and *S. & N. A. R. v. Morris,* 65 Ala. 193."

There can be no insistence in this case, therefore, that this legislation, by operating upon the remedy, has seriously impaired any legal rights of the defendant railroad. It relates to a question of form, a mere matter of procedure, referred to in *So. Ry. Co. v. Stonewall Ins. Co., supra,* as purely a technical question.

In the *Richards Case, supra,* the language of the opinion indicates the view of the court that the constitutional provision of our state here under consideration would not embrace questions of civil procedure which could not be said to seriously impair any legal right; but that, in any event, for such legislation to be held objectionable there must be such an unreasonable discrimination as to be pronounced "arbitrary, capricious, or without the semblance of reason." Clearly, such could not be said of the statutory provision here under review.

In a dissenting opinion by Judge Gray in the case of *Gulf, etc., Ry. Co. v. Ellis, supra,* it was pointed out that the Legislature must be presumed to have acted upon lawful motives and to have been satisfied from observation that frequently the patience as well as the means of those holding petty claims against a railroad for damages to stock become exhausted through protracted and expensive litigation. So with reference to the statute here under review. The Legislature must be presumed to have acted with lawful motives and to have made observations similar to those just referred to. It is not infrequent, as courts must judicially know, that cotton stored in a warehouse, destroyed by fire alleged or claimed to have been caused by sparks from a passing train, is owned, by numerous people, as was the situation in the case of *So. Ry. Co. v. Stonewall Ins. Co., supra.* Likewise, it sometimes happens that stock or cattle belonging to several

different persons may be killed by a passing train. The amount involved as to each may be small, and the expense of litigation may fall heavily upon one who has neither the time nor the means to spare for the enforcement of such claim. In each illustration given, the same facts which would support or defeat a recovery as to one claimant would support or defeat a recovery as to all. It may also happen that some of the claimants would have to travel a considerable distance for the purpose of prosecuting their petty claims. Doubtless, considerations of this character moved the Legislature to enact what is now section 5159 of our Code. It clearly cannot be insisted that such a law is arbirtrary, capricious, or without reason. We are fully persuaded that this section does not offend the above-quoted provision of our Constitution. We are also of the opinion that it clearly is not in violation of that portion of section 1 of article 14 of the federal Constitution previously quoted.

It has long been recognized by the United States Supreme Court that classification of corporations with reference to their relation to the public is reasonable, and that the business of railroads is of such a nature and so affected with the public interest that many laws relating to this class of business have been held free from constitutional objection that they were discriminatory. In *Smith v. Woolf,* 160 Ala. 644, 49 South. 395, is found the following extract from *Orient Ins. Co. v. Daggs,* 172 U. S. 557, 19 Sup. Ct. 281, 43 L. Ed. 552: "The state may distinguish, select, and qualify objects of legislation, and necessarily the power must have a wide range of discretion. * * * Classification for such purposes is not invalid because not depending on scientific or marked differences in things or persons or in their relations. It suffices if it is practical, and is not reviewable unless palpably arbitrary.' "

And in the case of *Atchison, etc., Co. v. Matthews,* 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, the court said: "It is the essence of a classification that upon the class are cast duties or burdens different from those resting upon the general public. * * * Indeed, the very idea of classification is that of inequality, so that it goes without saying that the fact of inequality in no manner determines the matter of constitutionality."

The following cases are also of interest in this connection: *Mo. Ry. Co. v. Mackey,* 127 U. S. 205, 8 Sup. Ct. 1161, 32 L. Ed. 107; *Gano v. Minneapolis, etc., Ry. Co.,* 114 Iowa 713, 87 N. W.

714, 55 L. R. A. 263, 89 Am. St. Rep. 393, affirmed in *Minneapolis, etc., Co. v. Gano,* 190 U. S. 557, 23 Sup. Ct. 854, 47 L. Ed. 1183; *Noble St. Bank v. Haskell,* 219 U. S. 104, 31 Sup. Ct. 186, 55 L. Ed. 112, 32 L. R. A. (N. S.) 1062, Ann. Cas. 1912A, 487; *Int. Harv. Co. v. State of Mo.,* 234 U. S. 199, 34 Sup. Ct. 859, 58 L. Ed. 1276, 52 L. R. A. (N. S.) 525; *McDavid v. Bank of Bay Minette,* 193 Ala. 341, 69 South. 452; *Hawkins v. Smith,* 242 Mo. 688, 147 S. W. 1042.

Our conclusion that the statute infringes upon no provision of the Fourteenth Amendment to the federal Constitution we consider is clearly supported by the above-cited authorities.

It is urged, lastly, that the statute is discriminatory in that the language used embraces "railroad companies" only, which would include corporations and associations of persons in partnership but would not include individuals. A similar argument was answered by the Supreme Court of Texas in *State v. T. & P. Co.,* 106 Tex. 18, 154 S. W. 1159, in the following language: "It is common knowledge that in this state railroads of the kind affected by the act are owned by corporations, and, in general, are conducted only by such agencies. In the enactment of the law, the Legislature was dealing with practical conditions; and as the act, if held applicable, merely to railway corporations, embraces all who, in general, own and conduct such railroads in the state, we do not think it should be condemned as based upon an arbitrary or unreasonable classification, because there are excluded from its operation individuals, partnerships, associations, etc., who may, in a private capacity, engage in such business; but, as a matter of fact, do not pursue it, and to whom therefore a statute in relation to such business would have no practical application."

See, also, *State of Texas v. T. & P. Co.* (Tex. Civ. App.), 143 S. W. 223.

Should this question be considered material, however, there could be little difficulty in reaching the conclusion, considering the language of the statute and the purposes for which it was enacted and the object the Legislature had in view, that the words, "railroad companies" were intended to embrace corporations, firms, or indivdiuals engaged in the transportation of persons or freight over railroads for hire; and it was clearly the intention to have the act apply to all such common carriers. Such is the definition found in section 5520, Code 1907. See, also, section 5507.

[Woodruff v. Satterfield, et al.]

The Supreme Court of Illinois, in the case of *Chicago Dock Co. v. Garrity*, 115 Ill. 155, 3 N. E. 448, reached a like conclusion in construing a statute using the phrase, "the railroad company," saying: "It is very clear that 'natural persons' are here within the intention, although not within the letter, of the act, for the entry against which protection is intended to be afforded is the laying of railway tracks in the streets."

A like conclusion was reached by the Supreme Court of Georgia in the construction of a tax statute using the phrase, "every sewing machine company."—*Singer Mfg. Co. v. Wright*, 97 Ga. 114, 25 S. E. 249, 35 L. R. A. 497. The case of *State v. Stone*, 118 Mo. 388, 24 S. W. 164, 25 L. R. A. 243, 40 Am. St. Rep. 388, is also directly in point.

We therefore conclude that section 5159 of our Code is not obnoxious to the provisions of our own nor of the federal Constitution, and that the court below committed error in sustaining the demurrer to the complaint.

The judgment will be reversed, and one here rendered overruling demurrer, and the cause will be remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur. MCCLELLAN, MAYFIELD, and SAYRE, JJ., dissent.