(78 South. 457)

### DOUGLASS v. CENTRAL OF GEORGIA RY. CO. (5 Div. 621.)

(Supreme Court of Alabama. May 24, 1917. On Rehearing, March 23, 1918.)

1. RAILROADS ⊂⊃481(2) — FIRES — DESTRUCTION OF PROPERTY—EVIDENCE.

In an action against a railroad company for damages for destruction of machine shops, it is not competent to show other engines of defendant at other times set fire to same or other property similarly situated, without first showing equipment, management, and conditions were similar.

2. APPEAL AND ERROR ⊂⊃1058(1)—REVIEW—HARMLESS ERROR—EVIDENCE.

Although on plaintiff's motion testimony of engineer as to whether he handled engine carefully and prudently, being expressions of opinion, were excluded, where others of similar legal effect were not objected to, plaintiff lost his right to insist their admission was error.

3. RAILROADS ⊂⊃481(1) — FIRES — ACTIONS —EVIDENCE.

In an action for destruction of machine shops for fires set by locomotives, it was not error to exclude plaintiff's testimony that he allowed combustibles to accumulate in or near building; their presence being unknown to the railroad company or trainmen.

4. EVIDENCE ⊂⊃472(11)—OPINIONS—ORIGIN OF FIRE.

In action for destruction of buildings by fire set from defendant's locomotives, refusing to allow plaintiff's witnesses to state opinions of cause of fire was not error, since on this issue the jury only could find from all the evidence.

5. RAILROADS ⊂⊃481(1)—FIRES—EVIDENCE—USE OF BUILDING BY OTHERS.

The defendant railroad could prove that the building burned was left open and unattended, used by others than plaintiff, and as a playground for children at time of fire, such evidence tending to show cause of fire other than locomotive.

6. RAILROADS ⊂⊃485(1) — FIRES — ACTIONS —RESTRICTIONS—ORIGIN OF FIRE.

In an action for destruction of building, defendant's instruction that, unless reasonably satisfied that fire was caused by sparks from defendant's locomotive, they should find for defendant was proper.

7. RAILROADS ⊂⊃453 — FIRES — ORIGIN OF FIRE—EQUIPMENT.

If defendant's locomotive claimed to have set fire to building was properly constructed and equipped, and operated skillfully and prudently, there was no liability.

8. APPEAL AND ERROR ⊂⊃1033(1)—HARMLESS ERROR.

An appellant cannot complain of error in his favor.

#### On Rehearing.

9. RAILROADS ⊂⊃479 — FIRES — ACTIONS — ADMISSION OF EVIDENCE—ORDINANCES.

In an action against a railroad company for burning of building, the exclusion of city ordinance governing the speed of locomotives was error, even though complaint contained no count, declaring violation of such ordinance as proximate cause of fire loss.

10. EVIDENCE ⊂⊃330—CITY ORDINANCE—ADMISSIBILITY.

Where an ordinance, limiting speed of train in city, was included in the book of ordinances promulgated by governing authorities as the "Official Code," the court's exclusion of it from evidence cannot be justified on the question of its legal passage and publication, in view of Code 1907, § 1259, as to use in evidence of ordinances published in book or pamphlet form.

Mayfield and Sayre, JJ., dissenting.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by F. M. Douglass against the Central of Georgia Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

J. W. Strother and J. W. Nolan, both of Dadeville, for appellant. Barnes & Brewer, of Opelika, for appellee.

MAYFIELD, J. The action is to recover damages of a railroad company, on account of the destruction of plaintiff's property, machine shops, etc. It is alleged that the fire was communicated to plaintiff's property from one of the defendant's locomotive engines. The negligence relied upon for a recovery, as alleged was in the construction, equipment, or operation of defendant's locomotive. The case was tried on the general issue. The trial resulted in verdict and judgment for the defendant, and from the judgment plaintiff appeals.

[1] In action like this, where the only claim is that a certain engine set out the fire, it is not competent for the plaintiff to prove that other engines or other locomotives of the defendant, at other times, had communicated fire to property, along its right of way, situated as was the property alleged to have been burned, or to even the same property, unless it is first shown that the equipment, management, and other conditions were similar on the two occasions. The case of Louisville & Nashville Railroad Co. v. Malone, 109 Ala. 509, 20 South. 33, does not decide the contrary. The evidence of other fires, in that case, was held admissible because the defendant itself first offered proof as to the equipment of all its engines, and expert evidence to the effect that it was impossible for an engine, equipped as were defendant's engines, to communicate fire, as it was alleged to have been communicated in the case on trial, and that

plaintiff could then rebut this by proof that such equipment did allow fires to be communicated by such engines when passing houses located as was his house that was injured. It was there said that but for the defendant's evidence the plaintiff's would not have been admissible. That case has been frequently followed in this respect. Southern Railway Co. v. Stonewall Ins. Co., 177 Ala. 334, 335, 58 South. 313, Ann. Cas. 1915A, 987, which collects the authorities.

[2] It is insisted that the trial court erred in allowing defendant's engineer to testify as to whether or not he handled the engine carefully and prudently. This question is not properly raised or presented. It appears that the court, on plaintiff's motion, excluded answers of the witness which were expressions of opinion on this subject, and that thereafter other questions were propounded to the witness without objection, and were answered without objection, though the answers were similar in legal effect to the one excluded. The plaintiff therefore waived or lost his right to insist upon the admission of such evidence as error, if such it was. We do not hold that there was error, but merely that, if there was error, it was waived by plaintiff.

Counsel for plaintiff are in error in supposing that the trial court declined to allow plaintiff to prove the speed of the train alleged to have set out the fire. This proof was repeatedly offered by plaintiff and allowed by the court, and not only proof of the speed of the train at the place of the fire, but proof of its speed a half mile away.

There was no error in declining to allow the plaintiff to introduce an ordinance of the town in which the property was situated, fixing the speed at which trains should move within the corporate limits. There was no allegation that the injury complained of proximately resulted from a violation of such ordinance, nor was there any allegation that the train was being operated in a wanton or willful, manner, which proximately resulted in the injury complained of. Without some such allegation or issue, we do not see how this ordinance was admissible. While we have some cases holding that similar ordinances were admissible in damage cases, yet in each the violation of the ordinance was in some manner made an issue in the case. To make the ordinance admissible, it should have been pleaded or otherwise shown that its violation proximately contributed to the injury. There was nothing in this case to apprise the defendant that it would be required to defend against a violation of this ordinance. In other words, it is not shown that it was error to decline to allow plaintiff to prove a violation of it.

[3] There was no error in declining to allow plaintiff to prove that he allowed combustible matter to accumulate in or near his building, which was exposed to sparks from passing engines. A party could thus contribute to his own injury, and then fix liability on another therefor. It was not even shown that the defendant was chargeable with notice of the presence of such combustible matter, much less that it or its train operatives had actual notice thereof.

[4] There was likewise no error in declining to allow plaintiff's witnesses to state their opinions as to the cause of the fire; this was one of the very issues which the jury only could find from all the evidence.

[5] There was no error in allowing defendant to offer proof to show that the building burned was left open and unattended, and was used by other people than the owner, and as a playground or playhouse for children. This was a circumstance, however slight, going to show that the fire in question was caused by other persons or agencies than defendant or its locomotive. It was necessary to show that it was being so used at the very time of the fire.

[6] The trial court, at the request of the defendant, charged the jury that, unless they were reasonably satisfied that the fire was caused by sparks emitted from defendant's locomotive, they should find for defendant. There was no error in giving this instruction. There was not even a claim of liability of the defendant, unless the fire in question was so caused by the defendant. Without such a finding, there could be no shadow or color of liability, as shown by the pleadings or by the proof.

[7] There was likewise no error in instructing the jury that if they found that defendant's locomotive, alleged or claimed to have set out the fire, was properly constructed and properly equipped, and was operated in a skillful and prudent manner, they should find for the defendant. If the facts hypothesized were true, then there was no theory of the evidence, nor tendency thereof, which would have supported a verdict for the plaintiff. This charge was distinguishable from the charges held bad in Malone's Case, supra, in McMillan v. Manistee Mill Co., 161 Ala. 169, 49 South. 685, and in Horton's Case, 161 Ala. 107, 49 South. 423. The charges in those cases omitted to hypothesize one or more of the three requisites; that is: (1) Proper construction; (2) proper equipment; and (3) proper management or operation. The charge here in question hypothesized all three of the requisites. The correct rule was well stated in our first case on the subject, that of Louisville & Nashville Railroad Co. v. Reese, 85 Ala. 497, 5 South. 283, 7 Am. St. Rep. 66. It has been often followed, and has never been departed from in this respect. It is there said:

"We think the rule that the destruction or damage of property by fire escaping from a railroad engine raises an inference of negligence, consisting in a defect in its construction, or in the appliances used, or want of due care in its management, a sound and just rule, and as thus limited and qualified, will more effectually accomplish the protection of property and the ends of the law."

The two charges in question fully and fairly stated the law on the subject.

[8] We find no error in this record of which the plaintiff can complain. If error intervened, it was in the rulings in plaintiff's favor, and not in the ruling against him. We say this because it is very doubtful that plaintiff ever made out a prima facie case, so as to require any proof on the part of defendant touching the construction, equipment, or management of the engine in question.

Affirmed.

ANDERSON, C. J., and SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

On Rehearing.

McCLELLAN, J. [9] The ruling of the trial court in excluding the ordinance of Alexander City, governing the speed of locomotives in that municipality, was error under the authority of this court's recent deliverance in Southern Railway Co. v. Stonewall Ins. Co., 177 Ala. 327, 337, 58 South. 313, Ann. Cas. 1915A, 987. Reference to the original record in that case discloses that there no more than in this case, was there a count in the complaint declaring upon the violation of a speed ordinance as the proximate cause of the destruction of the plaintiff's property by fire. There (177 Ala. 327, 58 South. 313, Ann. Cas. 1915A, 987), the plaintiff offered an ordinance limiting the speed of locomotives in Mobile to eight miles per hour. The objection was this:

"The defendant objected to the introduction of said ordinance on the ground that it is totally irrelevant and immaterial to the case."

The trial court overruled the objection, and this court affirmed the correctness of that ruling, holding that the ordinance was admissible. The rule of that case is applicable here. There is no way to discriminate between that case and the case at bar on this question.

There is no conflict between the Stonewall Case and its predecessor, the Fuqua Case, 174 Ala. 631, 56 South. 578. After quoting from 29 Cyc. 568, the general declaration with reference to the necessity to plead an ordinance, the court expressly restricted its approval of the quotation in these words:

"We quote the above from the text *only to show* [italics supplied] that the averment that the ordinance was in *force* at the time the injury occurred was a sufficient averment of its validity."

There is nothing in the Fuqua Case, particularly in view of the fact that the ordinance in question was set out in the count, that in the least conflicts with the indicated ruling in the Stonewall Case, supra.

[10] There was no objection to the ordinance in the present case on the specific ground that the ordinance was not declared on in the complaint. This is demonstrated by the grounds of objection interposed, which, in their entirety, are as follows:

"Defendant's counsel objected to the introduction of said ordinance on the ground that it is illegal, irrelevant, incompetent, immaterial, and has no relation to this case. * * * Defendant objected on the further ground that there is no causal connection between the violation of the speed ordinance of the town of Alexander City and the charge, the issue in this case as to the negligent construction of defendant's locomotive, or the negligent operation of it. Defendant objected also on the further ground that said ordinance had not been proven."

It appears that this ordinance was included in the Book of Ordinances of Alexander City, was in the book called the "Code of the Town of Alexander City, 1912," and that the book, with this ordinance in it, was promulgated by the governing authorities of the town as the "Official Code" thereof, in July, 1912, approximately a year before the fire in question occurred. The declination of the court to admit the ordinances in question in evidence cannot be justified on any ground questioning their passage and legal publication as of the dates mentioned and provided for therein. Code, § 1259.

The court erred in excluding the mentioned ordinance. The application for rehearing is therefore granted, the judgment of affirmance is set aside, the judgment appealed from is reversed, and the cause is remanded.

ANDERSON, C. J., and SOMERVILLE, GARDNER, and THOMAS, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.