### WILSON v. OLIVER.

1. The omission of a similiter is not error.
2. A plea in abatement that defendant was a resident citizen of another county when the writ was served, is not sufficient, unless it appears he was a freeholder of such county.
3. Filing the general issue is a waiver of a plea in abatement.

THIS action was brought by Oliver, in the Circuit Court of Clarke county. The writ was returned by the sheriff of Clarke county, " *Executed.*" At the October term, 1825, a verdict was found for the plaintiff.

The errors assigned by Wilson in this Court, appear in the opinion.

JUDGE SAFFOLD delivered the opinion of the Court.

THIS was an action of assumpsit, founded on a promissory note. The declaration having been filed, the plaintiff in error, who was defendant below, filed a plea in abatement, the grounds of which were, that he being a citizen, and resident in the county of Monroe, was sued in the county of Clarke, and that the writ was served on him by the sheriff of Clarke county, in the county of Monroe; of the truth of which his affidavit is annexed; at the same term, the defendant filed as an additional plea, the general issue of non-assumpsit.

At the succeeding term, the plea in abatement appears to have been overruled on motion, and a verdict returned for the plaintiff.

The first cause assigned for error is, that there was no issue joined; a sufficient answer to this may be found in the repeated decisions of this Court, that the omission of similiter is not error.

The second assignment is, that the Court erred in overruling the plea in abatement.

That the defendant was a resident of a different county, without the additional qualification of a freehold, did not exempt him from the liability to be sued in the county of Clarke, if found there to receive service of the process. But it is charged that the sheriff passed out of his county into the county of Monroe, and there made the service.

Without inquiring into the weight of this objection, it will be sufficient to say, that the defendant by pleading the general issue at the same time, waived his plea in abatement.

The assignment that the action was commenced before the note became due, does not appear to be true in fact.

The other assignments charge uncertainty, and insufficiency in the verdict and judgement; on inspection, they are found to contain every essential requisite in form and substance. Judgement affirmed.

The CHIEF JUSTICE not sitting.

GOODE, for plaintiff.

CRAWFORD and HITCHCOCK, for defendant.