# Morris *v.* Bragan.

### Assault and Battery.

(Decided November 25, 1915.   Rehearing denied January 20, 1916.
70 South. 717.)

1. **Appeal and Error; Review; Matters Shown.**—Assignments of error relative to the giving and refusing of written charges cannot be reviewed where such charges are not preserved and presented by a bill of exceptions.

2. **Same; Motion to Strike.**—A motion to strike, and the trial court's action thereon will not be reviewed on appeal unless the same is preserved and presented by bill of exceptions.

3. **Same; Harmless Error; Pleading.**—Where the judgment was for plaintiff and he appeals from an insufficient award of damages, he cannot complain of the overruling of demurrer to a plea purporting to set up a complete defense for such ruling was harmless, when viewed in the light of the fact that plaintiff obtained a judgment.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

Action by Leslie Morris, pro. ami, against W. W. Bragan, for damages for assault and battery. There was judgment for plaintiff in the sum of $1, and plaintiff appeals. Affirmed.

JOHN DENSON, for appellant. BONDURANT & SMITH, for appellee.

GARDNER, J.—Suit by appellant against appellee for recovery of damages for assault and battery. Judgment for plain-

[Morris v. Bragan.]

tiff for $1, and plaintiff prosecutes this appeal. There is no bill of exceptions; the appeal being had upon the record alone.

(1) Numerous assignments of error relate to the action of the court concerning certain charges in writing refused to plaintiff and given for the defendant, which are copied in the record. Under the decisions of this court such ruling on charges cannot be made the basis of assignments of error, there being no bill of exceptions in which the same may be incorporated.—*So. Ry. Co. v. Jones,* 132 Ala. 437, 31 South. 501; *Milner Coal Co. v. Wiggins,* 143 Ala. 132, 38 South. 1010; *Mitchell v. Bland,* 12 Ala. App. 453, 67 South. 800.

(2) The second assignment of error relates to the ruling of the court in sustaining the motion of defendant to strike an amendment to the complaint. This action of the court not appearing in a bill of exceptions, the above-stated rule is also applicable here, and this assignment of error needs no further consideration.—*Lay v. Postal Tel. Co.,* 171 Ala. 172, 54 South. 529; *Shanan v. Brown,* 179 Ala. 425, 60 South. 891, 43 L. R. A. (N. S.) 792; *Holley v. Coffee,* 123 Ala. 406, 26 South. 239.

(3) The remaining assignment of error relates to the action of the court in overruling the demurrer to plea No. 3, purporting to set up a complete defense to the suit. The verdict and judgment were for the plaintiff. It is held by numerous authorities in this state that, on an appeal by plaintiff from a judgment in his favor, this court will not reverse for any ruling bearing merely on the question of defendant's liability and not affecting the amount recovered, since, if erroneous, it was without injury to plaintiff.—*Carrington v. L. & N. R. R. Co.,* 88 Ala. 472, 6 South. 910; *Randle v. B. R. L. & P. Co.,* 169 Ala. 314, 53 South. 918; *Fike v. Stratton,* 174 Ala. 541, 56 South. 929; *Newman v. A. G. S. R. R. Co.,* 172 Ala. 606, 55 South. 509, Ann. Cas. 1913E, 232; *Meighan v. Birmingham Term. Co.,* 165 Ala. 591, 51 South. 775; 1 Michie's Dig. Ala. Reps. 559. The action of the court, therefore, in overruling the demurrer to said plea need not be here reviewed.

No error appearing in the record of which appellant can complain, the judgment of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.