(100 South. 811)

**FRANKLIN v. ARGYRO.  (6 Div. 97.)**

(Supreme Court of Alabama.   May 22, 1924. Rehearing Denied June 26, 1924.)

**1. Appeal and error ⬤⟶863—Only errors affecting quantum of damages considered on plaintiff's appeal from judgment as insufficient.**

On plaintiff's appeal from judgment as unsatisfactory in amount, only errors affecting quantum of damages will be considered.

**2. Appeal and error ⬤⟶1002—Jury's finding of fact on conflicting evidence indisputable on appeal.**

Jury's finding, on conflicting evidence as to presence of dead insect in food served by defendant restaurateur *held* indisputable on appeal.

**3. Appeal and error ⬤⟶1040(6)—Sustaining demurrer to counts of complaint held immaterial error in view of plaintiff's evidence.**

Error, if any, in sustaining demurrer to counts complaining that defendant restaurateur served tarantula in plaintiff patron's gravy *held* immaterial where plaintiff's evidence that it was not tarantula was uncontradicted.

---

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Food ⚖═25—Evidence of illness of another from food served held admissible.**

In action against restaurateur for damages for illness caused by food containing dead insect, testimony of plaintiff's companion that similar articles of food served to him at same time made him sick *held* relevant and material.

**5. Appeal and error ⚖═1052(6)—Exclusion of testimony on issue found for appellant not reversible error.**

Exclusion of testimony on issue which jury found for appellant is not reversible error.

**6. Appeal and error ⚖═1056(3)—Exclusion of testimony shedding no light on quantum of damages held immaterial.**

On plaintiff's appeal from judgment, awarding him damages for illness caused by eating food containing dead insect, as insufficient in amount, exclusion of companion's testimony that similar articles of food served him by defendant at same time, made him sick *held* immaterial error; such testimony shedding no light on quantum of damages.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by R. N. Franklin against Gus G. Argyro, doing business as the Metropolitan Café. Judgment for plaintiff in unsatisfactory amount, and he appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

Nesmith & Garrison and Thos. J. Judge, all of Birmingham, for appellant.

Testimony that plaintiff's companion became ill from eating like food should have been admitted. Greenwood Café v. Lovinggood, 197 Ala. 34, 72 South. 354; Barfield v. So. High. Inf., 191 Ala. 553, 68 South. 30, Ann. Cas. 1916C, 1097.

Gibson & Davis, of Birmingham, for appellee.

Plaintiff could not testify that his companion was made ill by eating certain food. Travis v. L. & N., 183 Ala. 415, 62 South. 851, L. R. A. 1915A, 1073.

SAYRE, J. [1] Appellant, as plaintiff in the trial court, recovered judgment against appellee for that appellee, a purveyor of food, a restaurateur, served him a centipede with his food, but, being dissatisfied with the damages assessed, prosecutes this appeal. Only such alleged errors are to be considered as may have affected the quantum of damages. Rulings on demurrer to the complaint are assigned for error; but, for a reason to be hereafter stated, error in such rulings, if any, need not be considered.

[2] Plaintiff's case was about like this: Plaintiff and a companion went into defendant's place of business and ordered roast beef and mashed potatoes. After eating a part of the food set before him plaintiff discovered the corpse of a centipede in his gravy. This insect—to follow careless usage in so speaking of it—was nearly two inches long, with many legs, scales along its back, and two horns in front. Such things come to this country in bunches of bananas from the tropics. Plaintiff called his companion's attention to the thing, and then consulted a prohibition officer, who happened to be near at hand, but learned from them nothing to his advantage. Then one of defendant's waiters advised plaintiff not to eat it, and offered to serve something else; but so far was plaintiff from needing this advice or craving other food that then and there he ejected upon the floor what he had eaten and left the place. Afterwards he was sick and continued so for a day or two. Defendant Argyro and his witnesses Tom Gerontakis and Spiro Cortex, waiters, denied plaintiff's story in toto, intimating—unjustly, we think —that maybe soft drinks, which plaintiff and his companion had taken, had something to do with his trouble; but we treat the foregoing statement of facts as indisputable on this appeal because a jury, sustaining appellant's contention, has so found in substance.

[3] The court sustained a demurrer to original counts 1 and 2. In these counts plaintiff complained that defendant served a tarantula in his gravy. The evidence offered on behalf of plaintiff was without contradiction to the effect the thing was not a tarantula. Error, if any, in the court's rulings on these counts is now immaterial.

[4-6] Appellant (plaintiff) complains also that the court would not allow him to ask his witness, the companion who with him partook of beef and potatoes—and therefore, presumably, out of the same pot—whether or not he suffered any effects from eating the beef and potatoes, stating to the court that he expected the witness to answer that the beef and potatoes made him sick, too. This testimony should have been admitted when offered as relevant and material to the issue then being contested. Greenwood v. Lovinggood, 197 Ala. 36, 72 South. 354. But on this appeal its rejection is of no consequence, because the jury found that issue for appellant. Of course the proffered testimony shed no light on the quantum of the damage done to plaintiff. The same rule is applicable to the fourth, fifth, and sixth assignments of error.

There is no reversible error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.

---

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes