## ODUM v. COLDWELL. (6 Div. 789.)

(Court of Appeals of Alabama. Aug. 4, 1925.)

**1. Exceptions, bill of ⬅39(1)—Time for signing bill of exceptions governed by statute in force at time appeal is taken.**

A bill of exceptions, presented after Code 1923 became effective, requiring such bill, under section 6433, to be signed within 60 days after presentation, will be stricken when not signed in time, though the judgment was rendered before such Code became effective, under the rule making remedy by appeal distinctive and governed by statute at time appeal is taken.

**2. Appeal and error ⬅928(3)—Charges not reviewed, where bill of exceptions is stricken.**

Where bill of exceptions is stricken, charges based on admission of evidence will not be reviewed; the facts being presumed to justify the court's ruling.

**3. Appeal and error ⬅1040(13) — Error in overruling demurrer to defendant's plea held to be without injury.**

On appeal by plaintiff from judgment in his favor, awarding him substantial damages, error in overruling demurrers to pleas of defendant, which were in bar of any recovery, was without injury.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action for damages by W. W. Odum against W. B. Coldwell, for personal injury. Plaintiff, being dissatisfied with the amount of judgment ($500) in his favor, appeals. Affirmed.

Erle Pettus, of Birmingham, for appellant.

Where error is shown, it is presumed to have worked injury, unless the contrary affirmatively appears. Callaway & Truitt v. Gay, 143 Ala. 524, 39 So. 277. Forcing plaintiff to join issue on immaterial or inadequate pleas was error, to reverse. Richmond & D. R. Co. v. Weems, 97 Ala. 272, 12 So. 186. Counsel discuss other assignments, but in view of the decision it is not necessary that brief be further set out.

J. P. Mudd and T. J. Judge, both of Birmingham, for appellee.

The bill of exceptions should be stricken. Code 1907, § 3019; Code 1923, § 6433; U. S. C. I. P. Co. v. Williams, 213 Ala. 115, 104 So. 28. The only questions available for review on this appeal relate to the quantum of damages. Franklin v. Argyro, 211 Ala. 506, 100 So. 811; Hilley v. C. of G., 11 Ala. App. 605, 66 So. 883; M. & O. v. Brassell, 188 Ala. 349, 66 So. 447; Morris v. Bragan, 195 Ala. 372, 70 So. 717.

SAMFORD, J. [1] The trial was had June 18, 1923, and judgment rendered June 24, 1923. Appeal was taken November 21, 1924. Bill of exceptions was presented Sep-

tember 10, 1924, and signed by the presiding judge December 6, 1924. Motion is here made to strike the bill of exceptions. The Code of 1923 became effective August 17, 1924. The remedy by appeal is distinctive and statutory and all appeals taken are governed by the terms of the statute in force at the time the appeal is taken. While not entirely in point, attention is called to the recent case of U. S. Cast Iron Pipe Co. v. Williams (Ala. Sup.) 104 So. 28.[1] The appeal not having been taken until after August 17, 1924, and the bill of exceptions not having been signed within 60 days as required by section 6433 of the Code of 1923, the motion to strike the bill of exceptions must be granted, and the bill of exceptions is stricken.

[2] There being no bill of exceptions, charges based upon the evidence given or refused by the court will not here be reviewed; a state of facts being presumed to justify the court's ruling. Morgan v. Embry, 17 Ala. App. 276, 85 So. 580.

[3] The pleas of defendant, to which demurrers were interposed and overruled, were in bar of any recovery. The plaintiff having recovered substantial damages, it must be held that, if error occurred in overruling demurrers to these pleas, such error was without injury. Morris v. Bragan, 195 Ala. 372, 70 So. 717; Jones v. Spradlin, 18 Ala. App. 29, 88 So. 373.

The above rule is applicable to the rulings of the court in sustaining defendant's demurrer to plaintiff's replications. The replications claimed no additional element of damage, and all damages to which he was entitled were available to him under the original complaint.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

