Note.—See under (1) 35 Cyc. pp. 189, 195; anno. 62 L. R. A. 802; 33 L. R. A. (N. S.) 54; 24 R. C. L. p. 45, et seq.; 4 R. C. L. Supp. p. 1526. (2) 35 Cyc. p. 368; anno. 70 L. R. A. 657; 24 R. C. L. p. 215. (3) 35 Cyc. p. 617; anno. 35 L. R. A. (N. S.) 258; 24 R. C. L. p. 172; 5 R. C. L. Supp. p. 1275. (4) 35 Cyc. p. 648: anno. 52 L. R. A. 233; 24 R. C. L. p. 259; 5 R. C. L. Supp. p. 1279.

---

**WHITE v. WASSON. Rec.**

No. 15578—Opinion Filed Sept. 15, 1925.

Rehearing Denied May 18, 1926.

**1. Pleading—Necessity — Issue as to Real Party in Interest.**

Where the defendant seeks to join issue as to who the real party in interest may be, same must be specifically pleaded; a general denial is not sufficient.

**2. Banks and Banking—Insolvent Banks—Deposit Not Set-Off Against Indebtedness.**

A bank deposit cannot be pleaded as an offset against an indebtedness arising after the dissolution of the bank.

(Syllabus by Jones. C.)

Commissioners' Opinion. Division No. 3.

Error from District Court. Creek County; Fred A. Speakman, Judge.

Action by Clark Wasson. receiver of the First National Bank of Sapulpa, Okla., against A. N. White. Judgment for plaintiff. and defendant brings error. Affirmed.

Thompson & Smith, for plaintiff in error.

Robert B. Keenan, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Creek county. Okla., by the defendant in error, as plaintiff. against the plaintiff in error. as

defendant, in the trial court. The action was brought to recover the sum of $607.50, with interest, rent due plaintiff by defendant for the rental of certain rooms in the First National Bank Building of Sapulpa, Okla. The defendant, White, filed his answer, which was a general denial, but further answering, admits the occupancy of the premises described in plaintiff's petition, and that the rate of rent was correct, "but says that he is not indebted to the plaintiff for any amount of rent for the reason that the plaintiff is indebted to him in the sum of $1,971.72, etc.," and further pleading by way of cross-petition, prays judgment for the difference between $1,971.72 and $607.50, the amount of rent sued for. In reply to the answer filed by defendant, the plaintiff alleges that on or about the 25th day of June, 1922, the First National Bank of Sapulpa, Okla., one of the appellees here, was a banking corporation and conducted a banking business until about that date, at which time it failed and suspended business, and the appellee, Wasson, was appointed receiver of said institution by the Comptroller of Currency of the United States, as duly provided by law, and further replying, says that the defendant, White, was a depositor and creditor of said banking association, and in substance alleges that said White had the amount of money set up in his cross-petition, $1,971.72, on deposit, and that under the law he will be entitled to receive his pro rata share of all monies received and coming into the hands of the receiver, Wasson, and that same will be duly distributed as provided by law; that the amount sued for by plaintiff in his original petition represents rent upon a storeroom in the rear of the bank building, and that said rentals have accrued since the date of the suspension of said National Bank, and is the rental for said rooms for the months of July, August, September, October, November, and December, 1923, and that by reason of the fact that the claims for rentals have accrued subsequent to the closing of the bank, the defendant is not entitled to plead his deposit as an offset to same, said deposit existing at the time of the suspension of business by the bank.

Thereafter, the plaintiff filed and presented its motion for judgment on the pleadings, which was by the court sustained and judgment rendered in favor of the plaintiff and against the defendant for the amount sued for as rents; from which judgment of the court the appellant prosecutes this appeal, and contends that the court erred in sustaining the motion for judgment on the

pleadings for the reason that the pleadings clearly present issues of fact triable by a jury, and that the court committed error in finding that the defendant was not entitled to plead as an offset against the claim for rents his deposit.

The first contention urged by appellant is that the general denial filed by the defendant is sufficient to raise the issue of the existence of the rental contract pleaded by the plaintiff, and also the question of whether or not the plaintiff named was the real party in interest, but we do not regard this contention as meritorious, in view of the fact that the defendant substantially admits the existence of the indebtedness for rents and the correctness thereof, both in his answer and cross-petition; wherein he pleads his deposit as an offset to same, and prays judgment for the difference between the amount of his deposit and the amount of rents sued for, and prays for judgment against the plaintiff, which is an admission of the correctness of the claim for rents and a recognition of the plaintiff as being the real party in interest, and we think this state of the record renders this contention without merit.

In the case of Overholt v. Deitz, 72 Pac. 695, the Supreme Court of Oregon announces the following rule:

"In a suit on a note, denials of its indorsements and assignments to plaintiff, and of his ownership thereof, are proper as casting on him the burden of proving ownership, though they are insufficient to raise an issue as to his being the real party in interest."

And in the body of the opinion the court said, speaking of the pleading in question:

"There was no attempt to set up that plaintiff was not the real party in interest. Under the authorities cited, such a defense should be specially pleaded and facts stated showing who the real party may be. Curtis et al. v. Gooding, 99 Ind. 45; Mathews v. Thomas, 101 Ind. 119."

The same rule has been followed in the case of McGregor v. Oregon R. Co., (Ore.) 93 Pac. 465, 14 L. R. A. (N. S.) 668.

The second proposition alleged is that the court was in error in holding that the defendant was not entitled to plead his deposit as an offset to this claim. Sections 5254 and 5236, Rev. Stats. U. S. provide for the manner of winding up the affairs of defunct banking institutions, and the first section referred to provides that:

"All payments of money to either (referring to shareholders and creditors) made

after the commission of an act of insolvency, or in contemplation thereof, made with a view to prevent the application of its assets in the manner prescribed by this chapter, or with the view to the preference of one creditor to another, except in payment of its circulating notes, shall be utterly null and void."

This provision of the law we think is controlling and clearly sustains the judgment of the trial court. It would be giving a preference to have permitted the plea of offset in this case.

Appellant cites the cases of Yardley v. Clothier, 49 Fed. 337, and Scott v. Armstrong, 146 U. S. 511, 36 L. Ed. 1059, in which it was held that a depositor might plead as an offset his deposit against his note held by the banking institution at the time or date of insolvency, but in the case of Scott v. Armstrong, supra, which seems to be a leading case on this question, we find the following statement:

"The state of case where the claim sought to be offset is acquired after the act of insolvency is far otherwise, for the rights of the parties become fixed as of that time. and to sustain such a transfer would defeat the object of these provisions. The transaction must necessarily be held to have been entered into with the intention to produce its natural result, the preventing of the application of the insolvent's assets in the manner prescribed. * * * "

And in the body of the opinion in the case of Mercer v. Dyer (Mont.) 39 Pac. 314, the court said:

"The provisions of the acts are not directed against all liens, securities, pledges, or equities whereby one creditor may obtain a greater payment than another, but against these given or arising after or in contemplation of insolvency."

This we think is a correct application of the law. Monies received by a receiver of an insolvent banking institution derived as rent or revenues from the assets of the bank in the hands of the receiver become the property or assets of the bank and should be distributed pro rata among all of its creditors. To apply it otherwise would be clearly giving a preference to one creditor over another, hence the answer and cross-petition of the appellant, defendant in the trial court, was in fact no defense to plaintiff's cause of action, and hence the judgment of the trial court in sustaining a motion for judgment on the pleadings was correct, and we, therefore, recommend that the judgment of the trial court be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 31 Cyc. p. 219. (2) 7 C. J. p. 747, § 537 (Anno).