(117 So. 28)
**WYROSDICK v. AGE–HERALD PUB. CO.**
**(6 Div. 952.)**

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 7, 1928.

Infants ⬤⇒88—Failure of minor to file suit by next friend held cured, where not raised until after minor had reached majority (Code 1923, § 5686).

Failure of minor to file suit by next friend, as provided by Code 1923, § 5686, is mere irregularity, curable by amendment, and hence, where minor bringing suit reached his majority before question was raised, the irregularity was cured.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action for libel by D. Arthur Wyrosdick against the Age-Herald Publishing Company. Plaintiff takes a nonsuit and appeals from adverse rulings on pleading. Reversed and remanded.

Harsh & Harsh, of Birmingham, for appellant.

It was error to overrule demurrer to defendant's pleas in abatement and to overrule demurrer to plaintiff's replication thereto. Bell v. Burkhalter, 183 Ala. 527, 62 So. 786; Germain v. Sheehan, 25 Minn. 338; 22 Cyc. 671.

London, Yancey & Brower and J. Kirkman Jackson, all of Birmingham, for appellee.

The impossibility of compliance with Code, § 9465, as to signing of complaint by plaintiff or his attorney, rendered the initial document fatally defective on apt plea. 6 Standard Ency. Proc. 719; Perras v. Denver, 5 Colo. App. 21, 36 P. 637; Brooke v. McWhorter, 130 Ga. 590, 61 S. E. 404; City of Birmingham v. Prickett, 207 Ala. 79, 92 So. 7; Smoot v. Ryan, 187 Ala. 396, 65 So. 828. The defect could not be cured by replication. Bell v. Burkhalter, 183 Ala. 527, 62 So. 786; Howland v. Wallace, 81 Ala. 238, 2 So. 96; Brookside-Pratt v. Booth, 211 Ala. 268, 100 So. 240, 33 A. L. R. 417; Patterson & Edey v.

Daniels, 205 Ala. 520, 88 So. 657; Winter v. Mobile Sav. Bank, 54 Ala. 172; L. & N. v. Walker, 128 Ala. 368, 30 So. 738; 1 Chitty on Pl. (13th Am. Ed.) 448.

BROWN, J. The plaintiff was a minor at the time he instituted this suit, in his own name and without next friend, on November 23, 1925. After service of the summons and complaint on the defendant, it appeared and filed demurrers to the complaint, and the case was continued from time to time, until May 23, 1927, when the defendant, by leave of the court, and over plaintiff's objection, withdrew the demurrers and filed pleas in abatement, setting up plaintiff's minority at the time the suit was filed, but without negativing plaintiff's majority at the time of the trial. The plaintiff demurred, taking this point, and, the demurrers being overruled, he filed replication averring that plaintiff became of age on the 19th of October, 1926, and that he has knowingly and of his own will continued the prosecution of the suit. Defendant demurred to this replication on grounds asserting that, because of plaintiff's minority, he was without authority to employ an attorney to file the suit, and for that reason the complaint was not authoritatively signed at the time it was filed, and the fact that he had subsequently reached his majority and continued the prosecution of the suit does not cure the irregularity. These demurrers being sustained, the plaintiff took a nonsuit and appealed.

In Bell v. Burkhalter et al., 183 Ala. 527, 62 So. 786, it was held that:

"In such circumstances the objector must allege and prove, to abate the action so erroneously originally commenced, that the party, subject to disability when the action was commenced, has not adopted and ratified such commencement of the action."

And in Howland v. Wallace, 81 Ala. 238, 2 So. 96, where the defendant filed pleas in bar, it was held that:

The "infancy of plaintiff is not a defense in bar of the action. It must be pleaded in abatement. * * * And under our liberal system of amendments, if this defense had been properly interposed, an amendment by introducing a next friend would have been allowable," and a judgment in favor of the plaintiff was there affirmed.

The logic of the situation is that the failure to file the suit by next friend as provided by the statute, Code of 1923, § 5686, is a mere irregularity, curable by amendment, and not a defect rendering the proceedings void. This being true, the plaintiff having reached his majority before the question was raised, the irregularity was cured. This view renders inapt the authorities cited by the appellee. Smith v. Yearwood et al., 197 Ala. 680, 73 So. 384.

We are therefore of opinion that the court erred in overruling the demurrers to the pleas in abatement, as well as the demurrers to the replication.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.