(124 So. 204)

## POUNDS v. GENERAL MOTORS ACCEPTANCE CORPORATION. (6 Div. 423.)

Supreme Court of Alabama. June 20, 1929.

Rehearing Denied Oct. 31, 1929.

Crampton Harris and W. C. Dalrymple, both of Birmingham, for appellant.

Mullins & Jenkins, of Birmingham, for appellee.

SAYRE, J. ██ Plaintiff (appellant) sued defendant for that defendant's agent, in the effort to collect an indebtedness, which, according to plaintiff, had once been paid, in the early morning rudely invaded the private apartment where plaintiff and his wife were still in bed and made himself generally disagreeable. Plaintiff recovered judgment, but, being dissatisfied with the amount awarded, prosecutes this appeal. In these circumstances this court will review only those assignments of error that may have prejudicially affected the amount of plaintiff's recovery. Franklin v. Argyro, 211 Ala. 506, 100 So. 811; Davis v. Erwin, 214 Ala. 341, 107 So. 903. The damages assessed may have been in greatly preponderating part merely punitive, their assessment, within reasonable limits, resting in the sound discretion of the jury (Louisville & N. R. Co. v. Street, 164 Ala. 155, 51 So. 306, 20 Ann. Cas. 877); but if erroneous rulings on questions of evidence affected, or may, have affected, the assessment of damages to plaintiff's hurt, such rulings will be reviewed on appeal.

██ Plaintiff had bought an automobile of a dealer in Mississippi on the installment plan, and defendant's agent was engaged at the time of the alleged trespass in an effort to collect an alleged past-due installment. As we have already noted, plaintiff's contention was that he was not in arrears. Plaintiff complains of the trial court that it permitted testimony tending to show that he had been frequently or even habitually slow in his payments. It was, of course, defendant's business to know the state of the account between itself and plaintiff, and a mistake as to that could not suffice entirely to exculpate defendant in the matter of the trespass complained of; but it occurs to us that in the assessment of punitive damages it was not improper to submit to the jury evidence of the fact that plaintiff had frequently or habitually been slow in his payments and that the insistence of defendant, or its agent at the time of the alleged trespass, was the result of mistake and not of a purpose to inflict insult or injury upon plaintiff, such evidence being not very persuasive perhaps, but competent nevertheless. And so of the correspondence between the parties tending to show a dispute between them as to the amount and dates of payments on account of installments due prior to the date of the trespass charged against defendant. This correspondence may have been accepted by the jury as proof that defendant was insisting, bona fide, upon payments which plaintiff had already made, that its insistence was honestly made, and hence was admissible in answer to the claim of punitive damages.

Our conclusion is that there was no error to justify a reversal.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.