252 So.2d 33

**Samuel B. CRENSHAW**

v.

**ALABAMA FREIGHT, INC., a Corp.**

6 Div. 581.

Supreme Court of Alabama.

May 6, 1971.

Rehearing Denied June 30, 1971.

Second Rehearing Denied Sept. 9, 1971.

George S. Brown, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Birmingham, for appellee.

One morning the children were riding in an automobile driven by their mother on U. S. Highway 31 in Morgan County, Alabama. As the automobile was crossing a bridge, the car was struck by a tractor-trailer driven by an employee of defendant. The driver of the tractor-trailer and all people in the automobile were killed.

## I.

In Count 1 of his complaint, the plaintiff, father of his deceased minor daughter, Deborah, claims damages of defendant for that plaintiff's said daughter was a passenger in an automobile being driven along a public highway on a narrow bridge, and defendant, by its employee, so negligently operated a tractor-trailer unit as to attempt to pass said automobile on said bridge in a "No Passing" zone and negligently ran into the automobile in which plaintiff's daughter was riding and knocked said automobile through the side of the bridge, thereby causing the automobile to overturn and burst into flames, and, as a direct result thereof, plaintiff's daughter, Deborah, suffered fatal injuries and burns from which she died immediately. Count 2 likewise claims damages for death of plaintiff's daughter, Cindy, and Count 3 for the death of plaintiff's daughter, Cathy.

COLEMAN, Justice.

The plaintiff appeals from a judgment for the plaintiff for $9,000.00 rendered in accord with the verdict of a jury in an action for the death of plaintiff's three minor children.

It appears that plaintiff and his wife lived in South Carolina during the early years of their married life. The wife obtained a divorce in South Carolina and was awarded custody of the children. She married J. B. Walters and they moved to Alabama taking the children with them.

Plaintiff continued to live in South Carolina. He remarried. There is evidence to effect that plaintiff contributed to support of the children at times and also that he failed so to contribute at times.

The court sustained plaintiff's demurrer to all of defendant's pleas except Pleas I and II. Plea I is the general issue. Plea II recites:

"PLEA II

"Plaintiff ought not to recover of this defendant for that:

"The accident made the basis of this action occurred February 23, 1965. Long prior thereto plaintiff deserted his family and his desertion continued until the death of his said minor child as alleged in said count."

Plaintiff assigns as error the action of the court in overruling plaintiff's demurrer to Plea II. Plaintiff also assigns as error the action of the court in overruling plain-

tiff's objections to certain evidence offered by defendant in support of Plea II.

We consider first the overruling of plaintiff's demurrer to Plea II. The precise ground of demurrer relied on by plaintiff is not clearly pointed out in argument. Plaintiff relies on Proposition I which recites that: "The want of capacity of the plaintiff to bring the action can only be raised by a plea in abatement and such capacity is admitted by a plea to the merits."

Plaintiff says in brief that defendant, having filed Plea I, was in no position to raise the issue of plaintiff's capacity to bring the suit by filing Plea II.

Plaintiff's argument appears to be to effect that Plea II is a plea in abatement while Plea I is a plea in bar; and, therefore, defendant cannot defend on the allegations of Plea II because the defendant, by pleading in bar, waived the right to plead in abatement.

We quote from two opinions of this court as follows:

"Without inquiring into the weight of this objection, it will be sufficient to say, that the defendant by pleading the general issue at the same time, waived his plea in abatement." Wilson v. Oliver, 1 Stew. 46, 47.

"[16] The nature of a plea is determined by its substantive allegations and its prayer, but not its form. § 9472, Code.

"[17] Considering the substance of the plea as well as its prayer, it is apparent that it does not undertake to plead matter in bar. The prayer is against further maintenance, and the substance goes only to the time of the institution of the suit. It is therefore a plea in abatement. Other pleas filed at the same time were in bar. When this is done, plaintiff may either move to strike the plea in abatement or treat it as a nullity. (Citations Omitted)." Westchester Fire Ins. Co. of New York v. Green, 223 Ala. 121, 126, 134 So. 881, 885.

Plaintiff's contention comes to the proposition that defendant should not have been allowed to defend under Plea II because it is a plea in abatement filed simultaneously with a plea in bar. The jury, however, did not find for the defendant on either Plea I or Plea II, but returned a verdict for the plaintiff for $9,000.00; and, in these circumstances, the plaintiff did not sustain any injury by the action of the court in overruling plaintiff's demurrer to Plea II. In Plea II, defendant asserts that "Plaintiff ought not to recover," but the jury found that plaintiff was entitled to recover.

Even if Plea II were a plea in abatement, overruling demurrer thereto is without injury to plaintiff according to the holding of this court in Holley v. Younge, 27 Ala. 203, where plaintiff brought an action on a promissory note for $1,000.00. The defendant filed five pleas: 1st, non assumpsit; 3rd, payment; 4th, set-off; and 5th, pendency of another action. The second plea it is not necessary to notice. Plaintiff demurred to the fifth plea and the court overruled plaintiff's demurrer. Plaintiff recovered verdict and judgment for $839.77, from which he appealed and assigned for error, among other rulings, the overruling of his demurrer to the fifth plea. This court affirmed. In holding that overruling plaintiff's demurrer to the fifth plea was not reversible error, this court said:

"The fifth plea averred the pendency of another action for the same cause, between the same parties, and was matter pleadable only in abatement.—1 Saund. Pl. (5 Am. edit.) 20. The proper course, when a plea in abatement is pleaded with a plea in bar, is to strike it out on motion.—Hart v. Turk, 15 Ala. 675. But, if it could have been taken advantage of by demurrer, the error of the court in overruling it will not avail the appellant, as the record shows that the action was not abated, but a judgment rendered in his favor, which could not have been the case had he not succeeded on that plea; and he therefore cannot have sustained any

injury by the action of the court upon the demurrer." (27 Ala. at 207)

See also: Odum v. Coldwell, 21 Ala.App. 74, 105 So. 398.

Consideration of Plea II could end here except for the assignments in which plaintiff asserts that the court erred in overruling plaintiff's objections to evidence offered by defendant and admitted by the court in support of Plea II. Plaintiff's Assignments 8, 11, 12, and 13 present the rulings on this evidence.

Assignment 8. Plaintiff called as a witness the manager of the funeral home which had prepared the bodies of the children for burial. On direct examination the plaintiff elicited from the witness certain details as to the condition of the bodies found at the scene after the wreck. Apparently, the witness testified on cross-examination with respect to shipment of the bodies of the children as follows:

"Q And sent where? Lancaster, South Carolina?

"A Somewhere in South Carolina. I don't remember.

"Q Mr. Walters bought a nice casket for them, didn't he?

"MR. HOGAN: I object to that. That would be immaterial.

"THE COURT: Overruled."

Plaintiff assigns the overruling of his objection as error. We note that four questions earlier, plaintiff, on redirect examination had asked the witness what sort of preparation had been made of the bodies of the children.

The "Mr. Walters" referred to as having bought the casket is the man who had married the mother of the children after her divorce from the plaintiff.

Assignment 11. Plaintiff assigns as error the overruling of his objection to cross-examination of plaintiff's mother as follows:

"Q Don't you know, Mrs. Crenshaw, that they married on February 5, 1961?

"A Who was married?

"Q Buddy and the second Doris? Her name was Doris too, wasn't it?

"A Yes sir.

"Q They were married in February of 1961?

"A Yes sir.

"Q They weren't divorced until—

"MR. HOGAN: I don't see the materiality to all this. It has nothing to do with the support of the children.

"THE COURT: Overruled."

The "Buddy" referred to above is the plaintiff.

Assignment 12. Plaintiff assigned as error the overruling of his objection to admission into evidence of defendant's Exhibit A, which is a transcript of the record of the proceedings in the court in Lancaster County, South Carolina, whereby the mother of the three children obtained a decree of divorce from plaintiff on the ground of physical cruelty committed by plaintiff on the wife. The decree ordered plaintiff to make weekly payments for support of the children. It is noted that prior to defendant's offer of its Exhibit A, the plaintiff, before he rested, introduced into evidence, by plaintiff's Exhibit 41, a decree of the South Carolina court which is also a part of defendant's Exhibit A. Plaintiff's Exhibit 41 is a transcript of a decree, which the South Carolina court had entered by consent of the parties, whereby the original divorce decree was modified, and the court ordered that the instant plaintiff, the father of the minor children, shall pay no support but the mother or her second husband, the Mr. Walters mentioned above, may use the children as dependents for tax purposes.

Assignment 13. Plaintiff assigns as error the overruling of his objections to admission into evidence of defendant's Ex-

hibits B, C, D, and E. These four exhibits are also transcripts of proceedings in the South Carolina court. Exhibit B is petition for child support filed December 23, 1958, by the mother praying for an order that plaintiff support the children. Exhibit C is an order dated March 3, 1960, directed to plaintiff, ordering him to show cause why he should not be held in contempt for failure to obey an order to support his children. Exhibit D is an order dated March 12, 1960, adjudging plaintiff to be in contempt for failure to obey the support order. Exhibit E is an order dated June 11, 1960, reciting that plaintiff had been adjudged in contempt and ordered to pay a specified sum of money to purge himself of contempt, that plaintiff had failed to purge himself of contempt, and that he is ordered to be confined for a period of six months or to pay to the court the sum of $500.00.

The testimony of which plaintiff complains certainly is unfavorable to plaintiff, and it does not seem that this testimony would be admissible except to prove the facts alleged in Plea II. Although overruling plaintiff's demurrer to Plea II, even if erroneous, is without injury to plaintiff, we are not advised of any authority as to whether the admission of the evidence complained of would be erroneous under the circumstances of this case. We are of opinion, however, that if Plea II is a proper plea in bar, then the evidence is admissible in support of Plea II to support the allegation that plaintiff had deserted his family and that the desertion continued to the date of the death of the children. It thus appears that, in order to decide whether admission of the evidence of which plaintiff complains in Assignments 8, 11, 12, and 13 is reversible error, it is necessary to decide whether Plea II is a plea in abatement or a plea in bar.

Plaintiff contends that Plea II is a plea in abatement and, to support his contention, relies on five decisions of this court which are numbered and next referred to.

(1) In City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642, the appellee moved to dismiss the appeal on two grounds, one of which was that the appellant was not aggrieved by the ruling of the circuit court affirming an order of Board of Adjustment granting a variance from zoning regulations in the use of a certain lot located in a residence zone in the city. This court held that appellee's objection to appellant's right to sue in the appellate court came too late where appellee had not raised the issue of appellant's lack of interest in the circuit court. In *Lee,* no pleading of any sort had been filed in the trial court raising the issue that appellant had no right to sue, and *Lee* does not provide any assistance or authority bearing on the question whether a particular pleading is a plea in abatement or a plea in bar. The question in the instant case is whether Plea II is in bar or in abatement, and *Lee* contributes nothing in answer to the question.

(2) In City of Prichard v. Geary, 268 Ala. 243, 105 So.2d 682, certain trustees under a will filed a bill for declaratory judgment to determine whether certain real property within the city could be used for a filling station without violating the city zoning ordinance. The trial court decreed that the entire parcel of land was within the area zoned for business and that the zoning ordinance did not bar issuance of building permits for construction of buildings for business purposes on the property. The respondent city appealed and contended that the decree was in error because the complainants had failed to prove that they possessed the authority to lease and operate the property under the will of the testator as alleged in the bill of complaint. This court held that respondent's contention was without merit because the respondent had failed to raise in the trial court the question of complainant's capacity to sue and had thereby waived the right to raise that question. In *Geary,* as in *Lee,* the issue was not raised as to whether a particular plea was in abatement or in bar, and *Geary* contributes nothing in answer to the instant question.

(3) In Sovereign Camp W. O. W. v. Gunn, 229 Ala. 508, 158 So. 192, plaintiff, as assignee of the beneficiary in a life insurance policy, sued on the policy to recover for the death of insured. Judgment was for plaintiff and defendant appealed. Examination of the original record in *Gunn* (Tr. 89–96) discloses that the trial court, over defendant's objection, permitted the plaintiff to introduce into evidence a certified copy of the petition and all steps leading up to a decree removing the disabilities of nonage of the plaintiff. Defendant assigned as error the action of the trial court in overruling defendant's objection to this evidence. This court held that admission of the evidence was error and said that the question of plaintiff's right to sue in her own name could be raised only by plea in abatement. It does not appear that defendant filed such a plea. On page 89 of the transcript, counsel for plaintiff stated: "Now, they haven't raised that by plea. I don't think I have to do it." This court has said: "Infancy of plaintiff is not a defense in bar of the action. It must be pleaded in abatement." Howland v. Wallace, 81 Ala. 238, 239, 2 So. 96. In a later case, this court said: " . . . . the failure to file the suit by next friend . . . . is a mere irregularity, curable by amendment, and not a defect rendering the proceedings void. . . . . " Wyrosdick v. Age-Herald Pub. Co., 217 Ala. 657, 658, 117 So. 28.

In the instant case, defendant's Plea II is not a plea of plaintiff's infancy. The defect alleged in Plea II is not a mere irregularity which can be cured by lapse of time. If the facts alleged in Plea II be true, the plaintiff was, at commencement of the instant action and thereafter, forever barred from recovering judgment for the death of the children. *Gunn* is not authority on the question whether Plea II is in abatement or in bar.

(4) In Tilson v. Graham, 208 Ala. 312, 94 So. 295, an action of forcible entry and unlawful detainer, there was "verdict under the issues on the merits" and judgment for plaintiffs according to the verdict. Defendant filed motion for new trial and insisted that the affirmative charge requested by defendant should have been given because there was no evidence to prove that the plaintiffs, who had sued as trustees of Graham Chapel M. P. C., had ever been properly appointed such trustees. On appeal, this court said that the issue of plaintiffs' capacity to sue had not been raised by a plea in abatement or demurrer, and that the right to challenge plaintiffs' capacity had been waived by plea to the merits and came too late when first raised in the motion for new trial. *Tilson* furnishes no assistance in deciding whether the instant Plea II is in abatement or in bar.

(5) In Southern Railway Co. v. Stonewall Ins. Co., 177 Ala. 327, 58 So 313, on appeal by defendant from judgment for plaintiff as assignee of claim for damages occasioned by fire allegedly caused by defendant's locomotive, this court appears to have held that, in absence of demurrer to complaint or plea in abatement, defendant could not raise the question of plaintiff's right to sue by objections to evidence or requests for instructions. *Stonewall* is of no assistance here.

As we understand the five cases relied on by plaintiff, none of them shows that a plea in abatement was filed, and it seems clear that this court did not decide in any of the five cases that a plea, alleging that the father had deserted his family at the time of the child's death, was a plea in abatement and not a plea in bar of the father's right to recover for death of his minor child.

We look to statutes and cases to determine whether Plea II is in bar or in abatement. The statute declares that whether a plea is in bar or in abatement is to be ascertained by its subject matter and prayer and not by the form of the plea. Code 1923, § 9472; Code 1940, Title 7, § 227. Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759.

". . . . 'The criterion or leading distinction between a plea in abatement and a plea in bar is, that the former must not only point out the plaintiff's error, but must show him how it may be corrected, and furnish him with materials for avoiding the same mistake, in another suit in regard to the same cause of action; or, in technical language, *must give the plaintiff a better writ.*'—1 Chit. Pl. (16th Am.Ed.) 362. If it be of misnomer, the true name must be stated, that it may be correctly stated in another suit. If it be of the non-joinder of parties, the parties omitted must be stated. If it be of defects in the process, these defects must be distinctly pointed out, so that on suing out new process they may be avoided. This is essentially matter of substance in a plea in abatement—the material facts on which the plea is founded. —Jones v. Nelson's Ex'n, 51 Ala. 471; Wilson v. Nevers, 20 Pick. 20. . . . . " Mohr v. Chaffe Bros. & Co., 75 Ala. 387, 389, 390.

■ Title 7, § 119, creates the right of action for death of a minor child in favor of the father; but, the father has no right of action for the death of his minor child if the father has by desertion, or disability named in Title 7, § 118, ceased to perform the parental duty of maintenance, etc., with reciprocal right to the child's services. McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291.

The courts of Indiana have had occasion to consider a question similar to, although not precisely the same as, the instant question. In 1904, in Chicago & Bloomington Stone Co. v. Nelson, 32 Ind.App. 355, 69 N.E 705, a mother sued for the death of her minor son. The Indiana statutes are substantially the same as the Alabama statutes with respect to the mother's right to sue when a father has deserted his family.[1] In *Nelson* the mother, by the averments of her complaint, based her right to sue on the fact that the father had deserted his family. The defendant filed a pleading denominated "plea in abatement," alleging that the father was not dead or in prison and that he had not deserted his family; and, on this ground it was asked that the action abate until the facts charged should be finally adjudicated. The defendant's plea was stricken by the trial court on plaintiff's motion. As noted in Michigan Cent. R. Co. v. Spindler, infra, the reason for striking the plea appears to be the rule prevailing in Indiana that matter which constitutes an answer in bar cannot be pleaded in abatement. The Appellate Court of Indiana, in *Nelson*, held that the trial court did not err in striking the plea and stated the reasons for so holding as follows:

". . . . Section 368, Burns' Rev. St.1901, provides: 'Pleadings denying the jurisdiction of the court or in abatement of the action and all dilatory pleas must be supported by affidavit. The character or capacity in which a party sues, or is sued, and the authority by virtue of which he sues shall require no proof on the trial of the cause, unless such character, capacity or authority be denied by a pleading under oath, or by an affidavit filed therewith.' Counsel for appellant contend that, under this statute, they cannot test appellee's capacity to sue, except by a plea under oath, and that the issue upon that plea should have been determined. We think counsel are mistaken. It is not a question of

[1] ". . . . Section 266, Burns' Rev.St. 1901, provides: 'When a husband or father has deserted his family or is imprisoned, the wife or mother may prosecute or defend, in his name, any action which he might have prosecuted or defended and shall have the same rights and powers therein as he might have had.' Section 267, Burns' Rev.St.1901, is as follows: 'A father (or in case of his death or desertion of his family or imprisonment, the mother) may maintain an action for the injury or death of a child.' This statute, upon the condition named, vests in the mother the right to prosecute an action for the injury or death of her minor child. . . . . " (69 N.E. at 706)

capacity, but a question of right conferred by statute upon the wife and mother under the conditions named. Under these statutes, the wife and mother has the same right to prosecute an action of this character as the husband or father, when her right rests upon the fact that the husband and father was either dead or in prison, or had deserted his family. To exercise this right, it is essentially necessary for her to bring herself within one or more of the provisions of the statute, and this she has done by the averments in her complaint. In this case appellee bottomed her right to prosecute this action upon the fact that the husband and father had deserted his family. This was a substantive and issuable fact, and, to maintain her right to sue, she was required to prove it. A plea in abatement is one in which is set up matter tending to defeat or suspend the suit or proceeding in which it is interposed, but which does not debar the plaintiff from recommencing another action at some other time or in some other way. Encycl. Plead. & Prac. vol. 1, p. 1. Under this recognized definition of the term 'plea in abatement,' it is clear that the pleading so designated by appellant, and stricken out on motion, was not such a plea, but an answer in bar. There was no error in sustaining the motion to strike out." (69 N.E. at 706, 707)

In 1937, in Michigan Cent. R. Co. v. Spindler, 211 Ind. 94, 5 N.E.2d 632, the Supreme Court of Indiana held that the trial court did not err in sustaining plaintiff's demurrer to defendant's plea in an action by an administrator for death of his intestate. Judgment was for plaintiff and defendant appealed. It does not appear that plaintiff's intestate was a minor. The death occurred when an automobile driven by intestate collided with a train operated by defendant. Defendant's plea was to the effect that defendant did not operate the train and was not responsible for its operation. The court said:

"Appellee's second and third paragraphs of complaint to which the plea in abatement was addressed alleged in substance that the train involved in the accident, the tracks, signs, etc., were owned and operated by appellant. These were material allegations and must be proven at the trial, in order for appellee to recover. The facts alleged in the plea in abatement, if true and proven at the trial upon the merits, would constitute a complete defense to the action. Matters which merely controvert allegations of fact alleged in the complaint cannot properly be pleaded in abatement of the action. Chicago, etc., Stone Co. v. Nelson (1904) 32 Ind.App. 355, 360, 69 N.E. 705; Peters v. Banta (1889) 120 Ind. 416, 423, 22 N.E. 95, 23 N.E. 84; Watson's Rev. Works Practice & Forms, vol. 1, § 546. The court did not err in sustaining appellee's demurrer to appellant's plea in abatement." (5 N.E.2d at 634)

Plea II in the instant case is a complete defense to the action. The plea does not in any respect give plaintiff a better writ. If the allegations of Plea II be true, the plaintiff can never recover for the death of his children, which is the foundation of plaintiff's cause of action.

■ We are of opinion that Plea II is a plea in bar and was properly allowed to be pleaded contemporaneously with the general issue, and that the evidence complained of in Assignments 8, 11, 12, and 13 was admissible in support of Plea II.

II.

■ In Assignments 14, 15, 16, and 17, plaintiff asserts that the trial court erred in allowing defendant to inject into the case over plaintiff's objection evidence that plaintiff had been convicted of housebreaking, larceny, and receiving stolen property at the age of thirteen years.

Plaintiff testified in his own behalf. On cross-examination, defendant asked plaintiff had he ever been convicted of the enumerated crimes. Plaintiff answered in

the negative, but, on being shown a certificate, plaintiff said that he had forgotten about it and that he had been put on probation.

Plaintiff contends that the evidence of plaintiff's conviction was not admissible under Title 13, §§ 377, 378, Code 1940; Hammac v. State, 44 Ala.App. 459, 212 So. 2d 849; Love v. State, 36 Ala.App. 693, 63 So.2d 285.

If it were shown that the conviction of plaintiff was under Chapter 7 of Title 13, Code of 1940, then it would appear that plaintiff's objection should have been sustained; but, it does not appear that plaintiff's conviction or the adjudication against him was under Chapter 7. The record does not disclose the court or the state in which the proceedings referred to were had. §§ 377 and 378 forbid use of evidence of adjudications which were had "under the provisions of this chapter." In the absence of a showing that the adjudication against plaintiff was under Chapter 7, or some similar statute, no reason appears to hold that the evidence here complained of was not admissible; and, since it does not appear in the record before us that the adjudication against plaintiff was under Chapter 7, it has not been shown that the trial court erred in overruling plaintiff's objection to evidence showing plaintiff's prior conviction.

### III.

Plaintiff assigns for error the overruling of his motion for new trial on the ground that the verdict is grossly inadequate.

Plaintiff cites Mobile Light & R. Co. v. Nicholas, 232 Ala. 213, 167 So. 298, wherein a father sued for death of his minor child under Code 1923, § 5695; Code 1940, Title 7, § 119. This court held that the trial court had not erred in refusing defendant's charges 43 and 44. This court said these charges wholly failed to give definite directions and limitations to the jury for assessment of punitive damages, that this omission rendered the charges

misleading and justified their refusal. This court said further that while juries in assessment of punitive damages are given a discretion in determining the amount of damages, this discretion is not unbridled or arbitrary but a legal, sound, and honest discretion; and that, in arriving at the amount of damages, due regard should be had to the enormity or not of the wrong and the necessity of preventing similar wrongs. The judgment was reversed for other errors, and it does not appear that this court considered defendant's motion for new trial.

Plaintiff cites also Liberty National Life Ins. Co. v. Weldon, 267 Ala. 171, 100 So.2d 696, wherein plaintiff recovered a judgment for death of his minor child and defendants appealed. This court refused to reverse the trial court for overruling defendants' motions for new trial on the ground that the verdict was excessive. The two cited cases are not cases where plaintiff was asking for new trial on the ground that the verdict was inadequate.

In Louisville & Nashville R. R. Co. v. Street, 164 Ala. 155, 51 So. 306, plaintiff recovered verdict and judgment in an action for death of plaintiff's intestate under Code 1907, § 2486; Code 1940, Title 7, § 123. The verdict for plaintiff, in the sum of one cent, was set aside for inadequacy and new trial awarded on motion of plaintiff. Defendant appealed and this court reversed, saying:

". . . . In dealing with new trials, granted or refused, on the ground of excessiveness of punitive damages stated in the verdict, the test has been often found in the inquiry, whether the verdict was the result of passion, prejudice or oppression. If so, an order for a new trial should be entered. No such cause could affect the alleged inadequateness of the punitive damages assessed, for the reason that *no right* of the movant, aside from the right that the jury ascertain, *in their discretion*, the sum to be assessed as a punishment, was subject to

the influence of adverse passion or prejudice, or was the result of a desire to oppress. . . . .

"We think the principle, followed to its legitimate effect and result, forbids the review and revision of a verdict, given in an action under the homicide statute, on the sole ground of the inadequacy of the sum assessed, that could only be, and was, we must assume, so assessed, as the jury's idea of the *punishment* due the wrongdoer. . . . ."
(164 Ala. at 158, 159, 51 So. at 307)

■ The damages assessed under § 119, Title 7, are "entirely punitive, imposed for the preservation of human life." *Weldon*, supra. "Damages, under section 5695 (Code 1923), are punitive, just as are the damages under section 5696 (Code 1923)." (Par. Supplied) McWhorter Transfer Co. v. *Peek*, supra. Because the damages assessed are punitive and for the same purpose under § 119 and § 123, Title 7, the rule of review of the verdict for inadequacy ought to be the same under both sections; and, the rule applied in *Street* to the verdict under § 123 will be applied to the verdict under § 119 in the instant case. Accordingly, we hold that the trial court did not err in overruling plaintiff's motion for new trial on the ground that the verdict is inadequate.

IV.

[7] Plaintiff assigns as error that the trial court erred in sustaining defendant's objections to plaintiff's Exhibits 25 through 31, which are exemplified copies of proceedings in the Probate Court of Lancaster County, South Carolina, showing that plaintiff had been appointed administrator of the estates of his three deceased children. As we understand the record, the action was brought by plaintiff as the father of the children and not as administrator of their estates. As stated in Benson v. Robinson, 223 Ala. 85, 134 So. 799:

"As this suit was instituted by the father, an amendment so as that he shall sue as administrator of the minor makes no effectual change in its status. . . . ."
(223 Ala. at 86, 134 So. at 800)

It does not appear that the plaintiff undertook to amend so that he would sue as administrator instead of as father. We are not to be understood as holding that such an amendment would have been proper.

The relevancy of Exhibits 25 through 31 to any material issue does not appear, and error is not shown in sustaining objection to these exhibits.

Affirmed.

McCALL, J., concurs.

ON REHEARING

The special concurring opinion by HARWOOD, J., concurred in by LAWSON, SIMPSON, MERRILL, and MADDOX, JJ., is withdrawn. All of the above named Justices concur in this action.

Upon further consideration LAWSON, SIMPSON, MERRILL, HARWOOD, and MADDOX, JJ., are in accord with the conclusions reached by COLEMAN, J., and now concur in that opinion.

Application for rehearing overruled.

LAWSON, SIMPSON, MERRILL, COLEMAN, HARWOOD, MADDOX, and McCALL, JJ., concur.

HEFLIN, C. J., dissents.

BLOODWORTH, J., recuses self.

HEFLIN, Chief Justice (dissenting):

I disagree with Justice Coleman's opinion that Plea II is a plea in bar. I feel that it is a plea in abatement.

Plea II is as follows:

"Plaintiff ought not to recover of this defendant for that:

"The accident made the basis of this action occurred February 23, 1965. Long prior thereto plaintiff deserted his family and his desertion continued until the death of said minor child as averred in said count."

Justice Coleman in his proposed opinion states as follows:

"Plea II in the instant case is a complete defense to the action. The plea does not in any respect give plaintiff a better writ. If the allegations of Plea II be true, the plaintiff can never recover for the death of his children, which is the foundation of plaintiff's cause of action."

This Court in City of Prichard v. Geary, 268 Ala. 243, 105 So.2d 682, stated:

" * * *. The principle is well established that the issue of want of capacity in, or right or authority of, the plaintiff to maintain suit is a matter in abatement, and that the practice prevailing in suits at law and in equity requires that when a party sued would deny the capacity in which the plaintiff (or complainant) sues, it must be done by plea (or in some cases by demurrer). The right to sue is admitted by a plea to the merits and is a waiver of any objection to capacity or authority of the plaintiff (or complainant) to bring the suit. Mitchell v. Church of Christ at Mt. Olive, 221 Ala. 315, 128 So. 781, 70 A.L.R. 71; Mitchell v. Church of Christ at Mt. Olive, 219 Ala. 322, 122 So. 341; Tilson v. Graham, 208 Ala. 312, 94 So. 295; Blount v. Sixteenth St. Baptist Church, 206 Ala. 423, 90 So. 602; Conn v. Sellers, 198 Ala. 606, 73 So. 961; Southern Railway Company v. Stonewall Insurance Co., 177 Ala. 327, 58 So. 313, Ann.Cas. 1915A, 987; Southern Railway Company v. Stonewall Insurance Co., 163 Ala. 161, 50 So. 940; Davis v. Miller, 109 Ala. 589, 19 So. 699; Louisville & Nashville Railroad Co. v. Trammell, 93 Ala. 350, 9 So. 870; Prince & Garrett v. Commercial Bank of Columbus, 1 Ala. 241; 1 Encyc. of Pl. and Pr., 11; 31 Cyc. 171–172; 39 Am.Jur. 981, § 108; 67 C.J.S. Parties § 113, p. 1116.

"The rule here is also followed in other jurisdictions. McCanless v. Furlaud, 293 U.S. 67, 55 S.Ct. 42, 79 L.Ed. 202, rehearing denied in 293 U.S. 632, 55 S.Ct. 211, 79 L.Ed. 717; White v. Wasson, 118 Okl. 29, 246 P. 445; Gibson v. Shull, 251 Mo. 480, 158 S.W. 322; and other cases which could be cited."

This Court in City of Mobile v. Lee, 274 Ala. 344, 148 So.2d 642, stated as follows:

"The principle is well established that the issue of the want of capacity in, or right or authority of, the plaintiff to maintain suit is matter in abatement, and that the practice prevailing in suits at law and in equity requires that when a party sued would deny the capacity in which the plaintiff sues, it must be done by plea, demurrer, or other appropriate pleading. The right to sue is admitted by a plea to the merits and is a waiver of any objection to the capacity of the plaintiff to bring the suit. * * *"

In 39 Am.Jur., Parties, Section 105, the following appears:

"It is, of course, a valid ground of objection to the maintenance of an action that the party plaintiff does not possess legal capacity to sue, but where the contrary does not appear on the face of the petition, the plaintiff is presumed to have legal capacity to sue, and the burden is on the defendant in the first instance to show that such capacity does not exist.

"An objection to the plaintiff's legal disability or incapacity to sue is strictly matter in abatement of the action, which must be timely asserted in the manner prescribed by the local justice. * * *"

In Sovereign Camp, W. O. W., v. Gunn, 229 Ala. 508, 512, 158 So. 192, it was stated as follows:

"The question of the plaintiff's right to bring the suit in her own name could only be raised by plea in abatement, and the fact that she had become of age after the suit was brought and before the trial cured the irregularity, if any there was, in the proceeding. Howland v. Wallace, 81 Ala. 238, 2 So. 96; Wyrosdick v. Age-Herald Pub. Co., 217 Ala. 657, 117 So. 28. * * *"

Justice Coleman contends that in determining whether a plea is a plea in bar or a plea in abatement it is necessary to look to see whether or not the plea gives the plaintiff a better writ. Under the circumstances, involved in the case under review, I fail to see how this inquiry is a criterion for determining the type of plea in this case. Certainly a party who contends that a plea is a plea in abatement should not be penalized because the adverse pleader creates a defect in his plea, if such a defect exists. However, under the facts of this case, I fail to see why the defendant should have to give the plaintiff a better writ. The purpose of providing the plaintiff with information to prepare a better writ is so that the plaintiff may correct his writ or so that he may avoid the same mistake if another suit is filed in regards to the same cause of action. If a better writ is needed, the statute provides the necessary guidelines. Whenever the law requires that the defendant give the plaintiff a better writ in a plea in abatement, the rationale of such requirement is based on the fact that the defendant has a peculiar knowledge of the facts and materials which the plaintiff might not have. But in this instance, such is not applicable for the plaintiff has a better knowledge of whether he qualifies under the statute to bring the suit.

Holding that the issues on this appeal are limited to the sole question of the adequacy of damages because the successful party in the trial below took the appeal, the majority

of this Court, who concur specially in the result of Justice Coleman's opinion, avoids a determination of the issue of whether Plea II is in bar or in abatement, I feel that this majority overlooked or misconstrued the law of this state which allows a review where erroneous rulings on questions of evidence affected, or may have affected, the assessment of damages to the plaintiff's harm.

In Pounds v. General Motors Acceptance Corporation, 220 Ala. 145, 124 So. 204, an action for damages for a malicious trespass, plaintiff, dissatisfied with the judgment in his favor, appealed to this Court. At the time of the alleged trespass, an agent of the defendant was attempting to collect an allegedly overdue payment on an automobile. Plaintiff contended that he was not in arrears, and complains that the trial court improperly allowed testimony tending to show he had been frequently or even habitually slow in his payments. This Court held such evidence to have been properly admitted in answer to the claim of punitive damages asserted by the plaintiff. The Court further stated, however, that "In these circumstances this court will review only those assignments of error that may have prejudicially affected the amount of plaintiff's recovery. Franklin v. Argyro, 211 Ala. 506, 100 So. 811; Davis v. Erwin, 214 Ala. 341, 107 So. 903. The damages assessed may have been in greatly preponderating part merely punitive, their assessment, within reasonable limits, resting in the sound discretion of the jury * * *; but if erroneous rulings on questions of evidence affected, or may have affected, the assessment of damages to plaintiff's hurt, such rulings will be reviewed on appeal." Id., at 146, 124 So. at 204.

The principle enunciated in the *Pounds* case, supra, was recognized in Miller v. Thomason, 229 Ala. 267, 156 So. 773, in slightly different language, to wit:

"This appeal is by the plaintiff from a judgment in his favor, and rulings of the court not affecting the amount of the recovery, though erroneous, cannot avail

to reverse the judgment. * * * Id., at 268, 156 So. at 773.

In Caudle v. Sears, Roebuck & Co., 236 Ala. 37, 182 So. 461, this Court as then constituted, stated:

"This is an action to recover damages for false imprisonment and malicious prosecution of the plaintiff by the defendant, and the appeal is by the plaintiff from a judgment on the verdict of a jury assessing the plaintiff's damages at $250. Therefore, only rulings affecting the measure and quantum of damages are presented for review." Id., at 39, 182 So. at 462.

Agreeing with that portion of Justice Coleman's opinion that the evidence admitted in support of Plea II was unfavorable to the plaintiff and should not have been admitted if Plea II was in abatement, it is inescapable that the admission of such evidence tended to reduce the amount of the judgment. Therefore, I must respectfully dissent.